# VANDERWERKEN *a.* THE NEW YORK AND NEW HAVEN RAILROAD COMPANY.

*Supreme Court, First District; Special Term, December,* 1857.

STATUTORY CAUSE OF ACTION.—ACT OR NEGLIGENCE IN ANOTHER STATE.—PLEADING.

An action is not maintainable under the statutes of this State (*Laws of* 1847 and 1849) for a wrongful act, or omission, in another State, causing death.

Whether an act or omission constitutes a wrong for which an action will lie, depends on the law of the place where it is done, and not the law of the place where the action is brought.

In suing in this State upon facts which occurred without the State, and which at common law do not constitute a cause of action, the complaint must allege a law of the State where the facts occurred, giving a cause of action upon such facts.

This action was brought to recover damages for injuries, causing the death of deceased on the occasion of what is known as the Norwalk disaster, in 1853. He was riding in a car of defendants, and was instantly killed. On the trial, a small verdict was obtained against the defendants.

The plaintiff moved for a new trial, on the ground of the erroneous decisions and charge of the justice on the trial.

The defendants, for similar errors, moved for judgment in their favor, on the ground that no action lies, it appearing that

the injury was done in Connecticut, and that the law of Connecticut was not alleged in the complaint, nor shown on the trial.

*C. P. Kirkland*, for plaintiff.

*William Curtis Noyes*, for defendants.

PEABODY, J.—The objection made by the defendants seems to be entirely fatal to this case. The deceased was killed instantly by the negligence of defendants. At common law no action for damages would lie for such a killing. This accident, and the acts or omissions complained of, occurred in Connecticut; and whether an action will lie for acts done there, depends on the law of Connecticut. What the laws of Connecticut are on the subject does not appear, either by the pleadings or evidence. They were neither pleaded nor proved. This court cannot judicially know them. In the absence of all evidence on the subject, it can, at most, only intend that the common law prevails there. A statute, to be sure, exists in this State which gives an action to the representatives of such a deceased person, but that statute has no extra-territorial force, and does not give an action for a wrong done out of this State. Whether an act or omission constitutes a wrong for which an action will lie, depends on the law of the place where it is done. As to matters of this kind, the States are foreign to each other; and the act done in Connecticut may, for all the purposes of a right of action under our laws, as well have been done in Russia; and as to any knowledge of the laws of another State or country, courts of this State may as well take cognisance of and enforce the laws of Russia as those of Connecticut. Our statutes are not in force as laws in Connecticut or Russia, and they cannot give rights of action for causes not otherwise actionable arising or occurring in either of those States. The plaintiff's right of action, and the nature and extent of his right to damages or otherwise by virtue of his action, depend on the laws of the State where the acts complained of occurred and the cause of action arose. The laws of no other State are in force there.

The common law, we are to intend, determines the rights of parties there, and by that law plaintiffs could have no action. Whether there be any statutory provision in that State, and if so, what it is, we are not to know, save by legal evidence. This

evidence does not appear. The pleading should state the law in the first place; and if not admitted by the pleadings of the adverse party, it should be proved like any other fact on the trial. Here it is neither pleaded nor proved; and indeed the case and argument were evidence that the recovery was expected and claimed under our statute of New York of the year 1847. It is, I suppose, beyond all doubt that the plaintiff cannot maintain an action on that. (4 *Am. Law. Reg.*, 747, and cases cited; 2 *Handy, Ohio*, 110.)

The pleading, however, shows facts which may, in connection with another fact not stated—to wit, the law of the place where they occurred—constitute a cause of action. As it is apparent that a fact, very material, making this right of action complete, may exist, and as the statute of limitation would be a bar to a new suit, the plaintiff must have liberty to amend, on payment of all the costs since service of his summons, and have a new trial in this action. If he do this within twenty days after record of this order, and amend his complaint in this respect, he may have a new trial. If not, judgment must be entered for defendant with costs.

---

## DOWS *a.* McGLYNN.

*New York Common Pleas; General Term, April,* 1858.

CONSTABLE.—FAILURE TO RETURN EXECUTION.

It is no defence to an action against a constable for failure to return an execution and pay over money collected, that he delivered the execution to another constable to levy, and the other collected the money and offered to pay it to the plaintiff, less an extra compensation agreed to by the plaintiff at the time of issuing the execution.

A constable to whom an execution is directed, has no power to delegate his authority to another. Whether, as between himself and the creditor in the execution, he might be justified in doing so by consent of the creditor—*Query?*

Appeal from judgment of a justice's court.

The facts sufficiently appear in the opinion.