KANSAS PACIFIC RLY. CO. v. LYDIA H. CUTTER, *Adm'x, &c.*

1. FOREIGN ADMINISTRATOR—*May Sue in this State.* An administrator appointed in another state or territory can maintain an action in this state under ?422 of the code of civil procedure.

2. LAWS OF FOREIGN STATE; *Presumption; Marriage of Administratrix.* Where the petition alleges the appointment, in the territory of Colorado, of the plaintiff as administratrix, and her subsequent marriage, and does not show what effect by the laws of Colorado such marriage has upon her authority as administratrix, it will be presumed, upon demurrer, in accordance with the laws of this state, that it has no effect thereon.

### *Error from Riley District Court.*

ACTION by Mrs. *Cutter* as administratrix, to recover damages sustained by the next of kin of one Joseph Stewart, deceased. The petition alleged the death of said Stewart by the wrongful acts, negligence and mismanagement of the *Railway Company* while he was a passenger in the cars of said company between Manhattan and Ogden, in Riley county, in this state, in August 1872. It named the heirs and next of kin of said Stewart, and alleged that in September 1872, "letters of administration upon the estate of the said Joseph Stewart were duly issued by the probate court of Arrapahoe county, Territory of Colorado, to *Lydia H. Harvey,* who since the issuance of said letters of administration, has intermarried with Benjamin P. Cutter, by which the said *Lydia H. Harvey,* (now *Lydia H. Cutter,*) was appointed administratrix of all the goods and credits belonging to the said Joseph Stew-

art at the time of his death, and that she thereupon qualified and entered upon the duties of said administration." The *Railway Company* demurred, assigning the following grounds: "1st, The plaintiff has no capacity to sue, not having been appointed administratrix of the estate of Joseph Stewart within the state of Kansas; 2d, There is a defect of parties plaintiff, inasmuch as Benjamin P. Cutter, husband of the plaintiff in the petition mentioned, is not joined as plaintiff in the action; 3d, The petition does not state facts sufficient to constitute a cause of action." The district court, at the September Term 1874, overruled the demurrer, and the *Railway Company* brings the case here on error.

*J. P. Usher*, for plaintiff in error.

*Green & Hessin*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The first question in this case is, whether a foreign administrator can maintain an action under § 422 of the code of civil procedure. We think he can. The section provides that, "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury, for the same act or omission." Now the language is general, purports to give the cause of action in every such case happening within this state, whether the deceased be a resident or nonresident, whether death ensues here, or elsewhere. All that it nominates as the condition of a right of recovery is, the wrongful act, and the resulting death. Nor do the proceeds of the recovery become assets in the hand of the administrator for payment of the debts of the intestate. They are appropriated by the same section which gives the right of action, to the "exclusive benefit of the widow and children, if any, or next of kin," and the recovery by a foreign administrator does not at all conflict with those provisions of our law which attempt

37—16 KAS.

to secure the appropriation of the property of the decedent within this state to the payment of his debts due here, in preference to those due elsewhere. It, so to speak, creates a fund for the exclusive use of certain relatives of the deceased, and names the personal representatives as the trustees of that fund, and authorizes suit in their names. Any one else might have · been named as the proper party plaintiff. Authority might have been given to the widow, and for the benefit of herself and children. This question has been before the supreme court of Indiana in the case of *J. M. & I. Rld. Co. v. Hendricks*, 41 Ind. 49, and the right of action sustained. This is the only authority counsel have cited that is apparently exactly in point, and to that we refer for a fuller discussion of the question. There is a slight difference between the section of the Indiana statute and ours concerning the right of foreign administrators to sue, but we do not think it affects the question materially. See also, *Hartford Rld. Co. v. Andrews*, 36 Conn. 213.

The second objection to the petition is, that it appears that since the granting of letters of administration to the plaintiff she has intermarried with one B. P. Cutter. Letters of administration were issued in Colorado. It is not alleged what, by the law of Colorado, is the effect of such marriage upon the letters of administration. Counsel contends that, in the absence of any allegation, the common law must be presumed to be in force there, and that by that the husband upon marriage became a joint administrator and should have been united with her as party plaintiff. We do not understand that we are bound to presume, as counsel contends. The petition shows an appointment which gives an authority to sue. It does not allege any revocation of that authority by the power that granted it. It alleges a fact which by our present law would have no effect upon the authority, (though as to the law prior to 1868, see Comp. Laws, page 516, § 29.) And if we are to rest upon presumptions, we should presume that the laws of Colorado in this respect are like our own, and hence, that the authority granted still continued, and

Gill v. Kaufman.

remained solely in the plaintiff, notwithstanding her marriage. *Furrow v. Chapin*, 13 Kas. 113; *French v. Pease*, 10 Kas. 54.

There being no other question in the case, the judgment will be affirmed.

All the Justices concurring.