MARTIN McCARTHY, *as Adm'r, &c.*, v. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY.

1. JURISDICTION; *Statutory Actions; Code Construed.* Section 422 of the civil code, relating to actions where death is caused by the wrongful act of another, has no extra-territorial force, and does not confer a right of action for an injury inflicted in another state.

2. —— *Action, where Injury Occurred in Another State.* Where M. is an inhabitant of this state, and is injured in the state of Missouri by the wrongful acts of a railway company operating a railroad in the latter state, and thereupon is brought to this state, and dies here from the effects of such wrongful acts, the personal representative of the intestate, appointed under the laws of this state, cannot maintain an action therefor in this state against such railway company under section 422 of the civil code.

### Error from Leavenworth District Court.

MICHAEL McCARTHY, a resident of this state, was injured while repairing the track of defendant's railroad in Platte county, Missouri, and died from the effects of such injury. His administrator brought suit against the *Railroad Company*, under §422 of the civil code, to recover damages, alleging that Michael's death was caused by the wrongful acts of the defendant company. The defendant demurred, and the district court, at the May Term 1875, sustained the demurrer and gave judgment for the defendant, and the plaintiff brings the case here on error for review.

*Taylor & Gillpatrick*, for plaintiff.

*Pendery & Goddard*, for defendant.

The opinion of the court was delivered by

HORTON, C. J.: Demurrer to petition. The action was brought by the plaintiff as administrator of the estate of Michael McCarthy, deceased. The petition alleges that the plaintiff is the duly-appointed and qualified administrator of said estate; that the defendant is and was a railroad corporation, organized and existing under and by virtue of the laws of Illinois, and was and is engaged in operating the Chicago & Southwestern Railroad, a road leading from the city of Leavenworth, Kansas, across the Missouri river bridge, thence east through Platte county, Missouri; that the intestate, on June 5th 1873, while in the employ of defendant as a track-repairer on its road, received personal injuries, in the county of Platte, and state of Missouri, through its gross and culpable negligence, of which injuries he died twenty-four hours thereafter; that the intestate at the time of his employment by said defendant, and at the time of his death, was a resident of this state; that the services were to be performed on the road defendant was operating and controlling; that immediately after the injuries complained of were received, the intestate was brought from Platte county, Missouri, to his home in Leavenworth city, in this state, where he died; that the intestate left Margaret McCarthy as his widow, and eight children, (giving the name of each,) and also states that by reason of the premises the plaintiff claims damages in the sum of $10,000. The defendant demurred, and assigned the following grounds of objection: first, that the court did not have jurisdiction of the subject-matter of the action; second, that the plaintiff did not have legal capacity to sue; third, that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff against the defendant. The district court sustained the demurrer; and the plaintiff electing to stand by his petition, final judgment was rendered in favor of defendant. To reverse such judgment, a petition in error has been filed in this court.

The suit is based on section 422 of the civil code, Gen.

Stat. 1868, pp. 708, 709; and the first question presented is, whether this provision of our statute has any extra-territorial operation. In other words, does this statute apply, where the suit is brought in this state for an injury done in another state? This question

*1. Jurisdiction; Sec. 422 of code construed.*

has been before the courts of various states, upon petitions like the one filed in this case, and almost invariably the courts have held that the statutes of a state have no force beyond the limits of the state of their adoption. Generally, all laws are coëxtensive, and only coëxtensive with the political jurisdiction of the law-making power. This identical subject is fully discussed, and decided against the claim of the plaintiff in error, in the following cases: *Campbell v. Rogers*, 2 Handy, 110; *Vanderwerken v. N. Y. & N. H. Rld. Co.*, 6 Abb. Pr. 239; *Beach v. Bay State Steamboat Company*, 30 Barb. 433; *Whitford v. Panama R. R. Co.*, 23 N. Y. 465; *Nashville & Chattanooga Rld. Co. v. Eakin, Adm'r*, 6 Cold. (Tenn.) 582; *Needham v. Grand Trunk Rly. Co.*, 38 Vt. 294; *Selma, Rome & Dalton Rld. Co. v. Lacy*, 43 Ga. 461; *Hover v. Pennsylvania Company, &c.*, 25 Ohio St. 667.

In the states where the above-cited decisions were rendered, statutes similar to the provisions of section 422 are in force. At common law, this action could not be maintained. In the first place, if the death was caused by a felony, any action for a civil remedy for it would be merged in the criminal prosecution, or rather, suspended till the conclusion of the criminal action; and as the punishment for a felony, causing death, was the death of the

*2. Where death is caused in another state.*

offender, and the forfeiture of his property, the suspension of the action really resulted in its defeat. *Higgins v. Butcher*, Yelv. 89; *Marsh v. Stone*, 6 B. & C. 551, 557, 564. In the second place, the rule that a personal action dies with the person, which was always regarded as applicable to personal torts, operated to abate any cause of action that might have otherwise belonged to the injured party; and this applied equally to deaths by felony, negligence, or misadventure. No claim then can be maintained, in favor of the action brought, upon

any rule of the common law; and it is not necessary, in reaching this conclusion, to hold that the doctrine expressed in *Baker v. Bolton,* 1 Campb. 493, that "in a civil court, the death of a human being cannot be complained of as an injury," has authoritative force in this country in those states where there is no statute to recover damages sustained by a husband, parent, master, etc., through the death of a deceased, when the party suing was entitled to the services of such person.

It is contended by the counsel for the plaintiff, however, that confessing the full force of the limitations upon the operation of the laws of the state, so far as any extra-territorial power is concerned, and assuming that, by the common law the cause of action which accrued to plaintiff's intestate died with him, yet, the action is maintainable, and the demurrer should have been overruled, as the court will presume, in the absence of allegations in the record to the contrary, that the laws of Missouri in respect to actions of this character are like our own. Admitting the premises, the conclusion does not necessarily follow. Every statute of another state, giving a right of action, cannot be enforced in a spirit of comity in this state, even if such statute is set forth in the petition filed in the court; and a very different principle is involved, between presuming the laws of sister states like our own, to sustain title to property within this state in litigation, and holding that the laws of other states are similar to ours in enforcing through our courts either the penal or remedial statutes of such other state. In Massachusetts, where the rule of the common law is in force, it has been decided in a case where the intestate was an inhabitant of the state, but injured in New York, (which state has a statute similar to our own,) and the statute law of New York was set forth in the declaration, that the action could not be maintained. HOAR, J., in discussing the right of action, and the New York statute, says: "How can it be regarded as anything else than a statute penalty, which the personal representative of the deceased is to recover by an action which is limited in amount, although that amount may be much less

than the extent of the injury sustained by those whose loss is to be estimated in computing it, and which is to be distributed among the parties entitled to receive it, not in proportion to the injuries which they have respectively sustained, but in proportion to the shares to which they would be severally entitled in the distribution of an intestate estate? We do not readily find a satisfactory answer to this question." *Richardson v. N. Y. Central Rld. Co.*, 98 Mass. 85. In Ohio, it has been decided, that where a person, who was a brakeman on the M. S. & N. I. Rld. Co., was killed in Cook county, Illinois, by the negligence of the railroad company, and where the statute of Illinois, which is like ours, was set out in the petition, and the same was very similar to that of Ohio, that an administrator appointed in Ohio could not maintain in that state an action for damages for the benefit of the widow, or next of kin, of the deceased. *Woodard, Adm'x, v. M. S. & N. I. Rld. Co.*, 10 Ohio St. 121.

We think it is to be assumed on the petition, in the absence of more definite allegations, that the plaintiff was appointed administrator in this state. Many difficulties present themselves in holding that an administrator appointed under the laws of Kansas can undertake and discharge a trust of this character conferred by the laws of Missouri. The plaintiff is not amenable to the courts of Missouri; yet, if this action is maintainable, the money is to be recovered here, upon the laws of another state, by a person acting in an administrative capacity under the authority of this state, and the fund is then to be distributed by the laws of the sister state. It is doubtful, whether an administrator's bond would extend to such a case, or whether this action would be a bar to other proceedings in Missouri to recover damages for the injuries resulting in the death of the intestate. In the Ohio case cited, Gholson, J., says: "The jurisdiction of the court under which he (the administrator) acts, does not extend to trusts carried out in pursuance of the laws of other states; for it may well happen, that the next of kin, under the law of Illinois, may not be the same persons, or take in the same

proportion, as under the law of Ohio. Certainly, to determine who are the *cestuis que trust*, the laws of Illinois must be regarded, and it is therefore the intention of the statute of that state, that the tribunal under which the personal representative, in whom the right of action is vested, and upon whom the trust is imposed, is acting, should administer the trust and distribute the fund among the proper parties."

We think this reasoning sound, and applicable to the case at bar. We cannot presume that the laws of Missouri give an administrator of Kansas power to collect moneys under its laws, to administer trusts imposed by its authority, and to distribute funds among the proper parties to whom the same belongs by the statutes of that state. If the laws of our state are to be presumed in force in Missouri, then there was no necessity to institute an action so circuitous as this one must be, if maintainable here, in this state, as the administrator could have brought the action in the courts of Missouri. *Kansas Pacific Rly. Co. v. Cutter*, 16 Kas. 568. As a fact, *aliunde*, the laws of Kansas and Missouri are very dissimilar, and the plaintiff, even if a Missouri administrator, could not, under the laws of the latter state, maintain any action in that state, as the personal representative of the intestate, on account of the injuries which caused his intestate's death. In that state, the damages in such actions must be sued for and recovered, first, by the husband or wife of the deceased; or second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor, and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment, or, if either of them be dead, then by the survivor. Wag. Mo. Stats. 1872, vol. 1, 519, 520.

We do not pass upon the question, whether an administrator appointed under the laws of another state having similar provisions of law to section 422 of our code, might or might not maintain an action of this character in this state for the purpose of recovering a fund to be distributed under the law

of the state from whence he derives his appointment. Such a case is not presented in the record.

It is claimed that, whatever construction this court may give to section 422, that plaintiff's cause of action is supported by section 420 of the code, (Gen. Stat. 708.) It reads as follows:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, *or for an injury to the person*, or to the real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

The plaintiff has declared on the cause of action given by section 422, and not on that given by section 420. But if sufficient facts were contained in the petition, so that section 420 could be considered, we do not think the position of the plaintiff would be any better to sustain his claim. Section 422 was originally passed on February 8th 1859, entitled "an act authorizing actions to be brought in certain cases;" (Comp. Laws, 1862, p. 80.) Section 420 was section 410 in the code of 1859. But both of these provisions of law took effect on the same day, viz., June 1st 1859. In the revision of 1868, these sections were embodied in the civil code as sections 420 and 422, are a part of the same act, and were adopted at the same time. They must be construed *in pari materia*. The purpose of section 422 is evidently not only to fix the amount of damages, and limit them to the use of the widow and children, or next of kin, but to take away the right of the administrator to sue for the benefit of the estate generally, where death resulted from the injuries. Section 420, as construed with section 422, only causes the actions to survive for injury to the person, when the death does not result from such injury, but does occur from other circumstances. The right of the action under section 422 is exclusive; and an administrator could not maintain an action under section 420 and 422 for the same injury. When death results from *wrongful acts*, section 422 is intended solely to apply. *Read v. Great*

*Eastern Rld. Co.*, 3 Q. B. 555; *Andrews v. Hartford Rld. Co.*, 34 Conn. 57.

The fact, urged with considerable stress by the counsel of plaintiff, that the intestate lived in Kansas at the time of his employment, and died in this state, is immaterial in the decision of the questions presented. The wrongful acts were all committed in Missouri. This court has already held, that while section 422 gives a cause of action in every case coming within its terms, and happening within the state, the residence of the deceased is not material, and the place of his death unimportant in determining the right of the administrator to sue. *Kas. Pacific Rly. Co. v. Cutter*, supra.

The judgment of the district court will be affirmed.

All the Justices concurring.