ALBERT PERRY, *as Adm'r, &c.*, v. THE SAINT JOSEPH & WESTERN RAILROAD COMPANY.

1. SEC. 422 OF CODE, *Construed.* A claim for damages for causing the death of a party, under § 422 of the code, is prosecuted by the administrator for the benefit of the widow and children or next of kin of the deceased, and is not an estate of the deceased to be administered within this state within the meaning of the act respecting executors and administrators. ( Comp. Laws 1879, ch. 37, p. 408.)

2. ADMINISTRATION, *Void Letters of.* A probate court has no jurisdiction to issue letters of administration on the estate of an intestate where such intestate is not an inhabitant or resident of this state at the time of his death, and leaves no estate in the state and none comes into it afterward.

3. PROBATE COURT — *Void Acts.* Where a probate court has no jurisdiction to issue letters of administration on the estate of an intestate, its acts in doing so are void for all purposes.

*Error from Doniphan District Court.*

AT the March Term, 1882, of the district court, the defendant *Railroad Company* had judgment against plaintiff *Perry*, as administrator of the estate of Susan B. Snyder, deceased, who brings the case here. The opinion states the facts.

*L. E. Carter,* and *Albert Perry,* for plaintiff in error.

*A. J. Poppleton,* and *Doniphan & Reed,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought by the plaintiff as administrator of the estate of Susan B. Snyder, deceased, whose death was alleged to have been caused by the carelessness and negligence of the St. Joseph & Western railroad company, and was based upon § 422 of the code.

Upon the demurrer to parts of the answer filed by the defendant, two questions are presented: First, whether the term "estate," as used in § 1, ch. 37, Comp. Laws of 1879, includes a claim for damages for causing the death of the intestate, under § 422 of the code; second, if the term "estate" embraces assets only of the intestate — that is, property, rights or choses in action held by, or belonging to, the intestate at the time of her death, and which are subject to be applied by the administrator to the payment of debts — whether in an action of this character it can be shown as a defense that the probate court had no jurisdiction to issue letters of administration on the estate of the deceased. It seems to be conceded in the argument of counsel that the deceased left no estate in the county of Doniphan, unless the claim for damages for causing her death, under § 422; may be denominated assets of the deceased, within the meaning of the statute authorizing the granting of letters of administration in this state. Sec. 1, ch. 37, Comp. Laws 1879, reads:

"That upon the decease of any inhabitant of this state, letters testamentary or letters of administration on his estate shall be granted by the probate court of the county in which the deceased was an inhabitant or resident at the time of his death; and when any person shall die intestate in any other state or country, leaving any estate to be administered within this state, administration thereof shall be granted by the probate court of any county in which there is any estate to be administered; and the administration which shall be first

lawfully granted in the last-mentioned case shall extend to all the estate of the deceased within the state, and shall exclude the jurisdiction of the probate court in every other county."

Section 422 of the code provides:

" When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed $10,000, and must inure to the exclusive benefit of the widow and children, if any, or the next of kin, to be distributed in the same manner as personal property of the deceased."

In the subsequent sections of chapter 37, " estate" in § 1, evidently refers to and includes only the goods, chattels, moneys, real estate, rights and credits of the deceased, or in other words, the assets of the deceased. As the deceased was not an inhabitant or resident of Doniphan county at the time of her death, unless the action given by said § 422 is assets, the probate court of Doniphan county had no jurisdiction to issue letters of administration on her estate, or to appoint the plaintiff the administrator. Now the action given by said section is for causing the death by a wrongful act or omission in a case where the deceased might have maintained an action had she lived, for an injury by the same act or omission. The right of compensation for the bodily injury of the deceased, which died with her, remains extinct. The right of action created by the statute is founded on a new grievance, viz.: causing the death, and is for the injuries sustained thereby by the widow and children or next of kin of the deceased, for the damages must inure to their exclusive benefit. They are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. The relation of the administrator to the fund when recovered is not that of the representative of the deceased, but of a trustee for the

1. Section 422 of code, construed.

benefit of the widow and children or next of kin. As the action is for their exclusive benefit, if no such persons exist, it cannot be maintained. (*Rld. Co. v. Swayne's Administrator*, 26 Ind. 477.) The administration law of Kansas contemplates that when a person dies intestate in any other state or country than Kansas, in order to authorize the granting of letters testamentary or letters of administration the deceased must have left an estate to be administered within this state, and that estate must be something of a tangible nature to pay the costs and expenses of administration and the debts of the intestate, if any exist. The money recovered by the administrator in an action given by § 422 cannot be used for the costs and expenses of administration, or to satisfy the debts of the creditors of the deceased; and an action based upon this statute is not an "estate" or "assets" within the act respecting executors and administrators. (Comp. Laws of 1879, ch. 37, p. 408; *Railway Co. v. Cutter*, 16 Kas. 568.)

If the deceased was not an inhabitant or resident of this state at the time of her death, and if she left no estate to be administered within this state, and none came into it afterward, then the probate court of Doniphan county had no jurisdiction to issue letters of administration on the estate of the deceased, or to appoint the plaintiff her administrator, and all its acts in doing so are void *in toto*. It has been decided in many cases that administration granted on the estate of a person not really dead is totally void. (*Stephenson v. Superior Court*, 15 Reporter, p. 140; *Griffith v. Frazier*, 8 Cranch, 23; Williams on Exec. [Am. Notes by Perkins] 632, and notes to p. 631.) The jurisdiction of the probate court of Doniphan county to issue letters of administration is derived from the provisions of the statute, and can be only exercised under the circumstances and in the cases provided for thereby. Therefore if the deceased, not being an inhabitant or resident of this state at the time of her death, left no estate to be administered within this state, and none comes into it afterward, that court under the statute has no jurisdiction to grant administration. But

2. Administration, void letters of.

it is said that the probate court had jurisdiction to ascertain whether as a fact the deceased left any estate in Kansas, and its judgment granting letters of administration is conclusive until revoked or reversed. Where the jurisdiction of a court is conceded, as a rule its judgment is conclusive of all matters involved; but if the jurisdiction be disproved, then the judgment is void for all purposes. (*Mastin v. Gray*, 19 Kas. 458, and the cases there cited; *Melia v. Simmons*, 45 Wis. 334; *Moore v. Smith*, 11 Rich. [S. C.] Law, 569.)

Now the probate court of Doniphan county had no authority to grant letters of administration unless the deceased left an estate in that county; and it will not do to say that the finding of that fact by the court is conclusive of its own jurisdiction, for this would be, to use a common expression, "reasoning within a circle." The probate court of that county we suppose assumed that the deceased had left an estate to be administered, and thereupon appointed the plaintiff administrator. But the letters in this case are no more valid, and the appointment of an administrator no more effective, than

3. Probate court —void acts. if the probate court of Doniphan county had granted letters of administration upon her estate when in fact she was not dead. In either case, the appointment of an administrator would be void for all purposes; and as in this case the jurisdiction of the probate court rests upon the fact of an estate belonging to the deceased in Kansas, if the defendant can clearly show that the deceased died without leaving any estate of any kind, it must result that the entire proceedings before the probate court were without jurisdiction, and void. (*D'Arusmart v. Jones*, 11 Cent. L. J. 253; *Thompson v. Whitman*, 18 Wall. 457; *Jochemsen v. Bank*, 3 Allen, 87.)

It has already been decided by this court that an administrator appointed in another state or territory can maintain an action in this state under § 422 of the code; and therefore if the probate courts of this state have no jurisdiction to grant letters of administration upon the estate of the decedent, and the probate court of any other state has that jurisdiction, the

·foreign administrator thus appointed can prosecute the action. (*Railway Co. v. Cutter*, supra.)

The judgment of the district court will be affirmed.

All the Justices concurring.