JOHANNA LIMEKILLER, *Administratrix, &c.*, v. THE
HANNIBAL & ST. JOSEPH RAILROAD COMPANY.

33   83<br>
57   603<br>
57   688<br>
33    83<br>
74   322

1. DEATH — *Wrongful Act* — *Action for Damages, not by Administrator, When.*
An administrator, appointed in another state, cannot maintain an action
in this state under § 422 of the code of civil procedure, where the law
of the state whence he derives his appointment prohibits him from in-
stituting, maintaining or prosecuting an action in his own state for dam-
ages resulting from the wrongful act or omission of another in causing
the death of his intestate.

2. ———— *K. P. Railway Co. v. Cutter,* 16 Kas. 568, referred to, and dis-
tinguished.

3. ———— *Perry, Adm'r, v. St. J. & W. Rld. Co.,* 29 Kas. 420, referred to,
and commented upon.

### *Error from Atchison District Court.*

ACTION brought by *Johanna Limekiller*, as administratrix
of the estate of Frederick Limekiller, deceased, against the
*Hannibal & St. Joseph Railroad Company*, to recover $10,000
damages, alleged to have resulted from the gross and wanton
negligence of the railroad company in running one of its loco-
motives and trains upon and against the said Frederick Lime-
killer, in Wyandotte county, in this state, on May 27, 1881,
thereby wrongfully causing the death of the said Limekiller.
The amended petition was filed March 26, 1883.   On May 4,
1883, the railroad company filed its answer, as follows (omit-
ting title and court):

"The said defendant, by B. F. Stringfellow, its attorney,
comes and says that said defendant ought not to have or main-
tain her said action against defendant, because defendant, for
answer to said amended petition, says:

"1st. Defendant denies each and every allegation in said
amended petition.

"2d. And for a second defense, defendant says, if Frederick
Limekiller, named in said amended petition as plaintiff's in-
testate, was injured, as stated therein, such injury was not
caused by any fault, negligence, or carelessness of said defend-
ant or any of its employés or agents, but was caused by the

negligence and carelessness of said Frederick Limekiller directly and materially contributing thereto.

" 3d. And for a third defense, defendant says, that said plaintiff has not legal capacity to maintain said action.

• " 4th. And for its fourth defense, defendant says, that plaintiff, as administratrix of the estate of the said Frederick Limekiller, by appointment of the probate court of Platte county, in the state of Missouri, is prohibited by the law of said state from instituting or prosecuting said action, and by the express provisions of a statute law of said state as revised in 1879 and published by authority of said state, and in force at the time of the alleged death of said Frederick Limekiller, and at the time of the appointment of plaintiff as administratrix of the estate of said Frederick Limekiller, and at the time of the institution of this suit, and still in force, under the title, 'Of the Administration of the Estate of Deceased Persons;' and under §§ 94, 96 and 97 of article 5 of statute, the actions which may be brought by administrators are specified; and then by § 97 of said article, it is provided that the preceding section shall not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions on the case, for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator; and so defendant avers that plaintiff is by such law, of said state of Missouri, prohibited from maintaining said action. Defendant therefore asks to be discharged with costs."

On August 3, 1883, the plaintiff filed her demurrer to the fourth defense set up in the said answer, as follows (omitting title) :

" Comes now the plaintiff and demurs to the fourth defense set up in the defendant's answer, on the ground that it does not state facts sufficient to constitute a defense to said petition, or any part thereof."

On August 6, 1883, the demurrer came on for argument before the court, and after hearing the argument of counsel for the respective parties, the court sustained the demurrer, the defendant excepting. Thereafter the plaintiff filed its reply, which contained a general denial of each and every allegation set forth in the answer. Trial at the March Term, 1884, of the district court, when the jury made certain special findings

of fact, and rendered a verdict for plaintiff for $4,000. Thereupon the railroad company moved for judgment in its favor upon the statements in the pleadings, which motion was, on March 15, 1884, overruled. The defendant also filed its motion to set aside the general verdict rendered in the cause, and for judgment in its favor upon the special findings of fact rendered by the jury. This motion was also overruled, and thereupon the defendant moved the court to vacate the verdict and grant a new trial. This motion was sustained, the court deciding that the special finding of fact No. 1, submitted by the plaintiff, and special finding of fact No. 39, submitted by the defendant, were conflicting and not in harmony with each other; further, that the special finding of fact No. 39 was in conflict with the general verdict. The general verdict was thereupon set aside and a new trial granted. Upon the trial it was admitted by the parties to the action, among other things, that the plaintiff was appointed administratrix of the estate of Frederick Limekiller, deceased, by the probate court of Platte county, Missouri, on July 8, 1881, and duly qualified as such, and entered upon the duties of such office.

The sections of article 5, ch. 1 of the "Act relating to the administration of the estates of deceased persons," referred to in the fourth defense of defendant's answer, as published in the Revised Statutes of Missouri, are as follows:

"Sec. 94. Executors and administrators shall collect all money and debts of every kind due to the deceased, and give receipts and discharges therefor; and shall commence and prosecute all actions which may be maintained and are necessary in the course of his administration, and defend all such as are brought against him.

"Sec. 95. They shall prosecute and defend all actions commenced by or against the deceased, at the time of his death, and which might have been prosecuted or maintained by or against such executor or administrator.

"Sec. 96. For all wrongs done to the property, rights or interest of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrong-doer; and, after his death, against

his executor or administrator, in the same manner and with the like effect, in all respects, as actions founded upon contract.

"Sec. 97. The preceding section shall not extend to actions for slander, libel, assault and battery, or false imprisonment, nor to actions on the case, for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator." (Vol. 1 of Rev. Stat. of Missouri, [1879,] p. 16.)

Section 2121 of ch. 25, Rev. Stat. of Missouri (1879), reads:

"Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employé, whilst running, conducting or managing any locomotive, car or train of cars, or of any master, pilot, engineer, agent or employé, whilst running, conducting or managing any steamboat or of any of the machinery thereof, or of any driver of any stage coach or other public conveyance, whilst in charge of the same as a driver; and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad or any part thereof, or in any locomotive or car, or in any steamboat or the machinery thereof, or in any stage coach or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employé, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, stage coach or other public conveyance at the time any injury is received, resulting from or occasioned by any defect or insufficiency above declared, shall forfeit and pay, for every person or passenger so dying, the sum of five thousand dollars, which may be sued for and recovered: First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or, third, if such deceased be a minor and unmarried, then by the father or mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not of a negligent defect or insufficiency."

Section 2122 reads:

"Whenever the death of a person shall be caused by a

wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

Section 2123 reads:

"All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section two thousand one hundred and twenty-one, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect, or default." (Vol. 1, Rev. Stat. of Missouri [1879], pp. 349–351.)

Section 422 of the code of civil procedure of this state reads as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

The plaintiff excepted to the ruling of the court in setting aside the verdict and granting a new trial. The defendant excepted to the ruling of the court sustaining the demurrer, and also excepted to the charge of the court to the jury. Both parties bring error to this court — the plaintiff filing a petition, and the defendant a cross-petition in error.

*Byron Sherry,* *W. A. Harnsberger,* and *W. D. Webb,* for plaintiff in error.

*B. F. Stringfellow,* and *N. O. Borders,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Although the record in this case is an extensive one — embracing seventy printed pages — it is necessary for us to refer only to the ruling of the district court upon the plaintiff's demurrer to the fourth defense set up in the amended answer of the railroad company. This, in our view, is decisive of the case. The plaintiff is the administratrix of the estate of the deceased under appointment from the probate court of Platte county, in the state of Missouri. She is an officer of the law of the state of her appointment, and therefore her powers are limited by the statutes of Missouri, and they cannot be changed or enlarged by the authority of the laws of this state, nor by any judicial construction of our courts. An administratrix takes only such powers as are conferred by law, and is merely an agent or trustee acting immediately under the direction of the law regulating her conduct and defining her authority. (*Collamore v. Wilder*, 19 Kas. 67.) In this state, the remedy, when death ensues from the wrong done, is by action in the name of the personal representative of the deceased, and the amount recovered will be for the benefit of the widow and children, if any, or next of kin. (*City of Atchison v. Twine*, 9 Kas. 350; Civil Code, § 422.) In Missouri, the personal representative of the deceased has no power to institute an action of this character. In that state, the action is to be brought: First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or, third, if such deceased be a minor and unmarried, then by the father or mother, who may join in the suit, and each shall have an equal interest in the judgment; or, if either of them be dead, then by the survivor. (Vol. 1, Rev. Stat. of Missouri, 1879, §§ 2121, 2122, 2123, pp. 349–351.)

The fourth defense of the answer alleges that the administratrix of the estate of the deceased is prohibited by the law of the state of Missouri from instituting, maintaining, or

prosecuting such an action. (Vol. 1, Rev. Stat. of Missouri, 1879, ch. 1, art. 5, §§ 94, 95, 96, p. 16. See also, §§ 2121, 2122, 2123, *supra*.) If the death of the deceased had been caused by the wrongful act of the defendant in Missouri, plaintiff, as administratrix, could not have maintained this action in that state, and as administratrix she is not entitled to any greater power or rights in Kansas than she is in Missouri, under the statutes of which state she holds her appointment. This action was therefore improperly brought by the plaintiff as administratrix of the estate of Frederick Limekiller, deceased, and the court erred in sustaining the demurrer. (*McCarthy v. Railroad Co.*, 18 Kas. 46; *Land Grant Railway v. Comm'rs of Coffey Co.*, 6 id. 245.)

On the part of the plaintiff, it is contended that the right of a foreign administratrix to maintain such an action as this has been settled in *K. P. Rly. Co. v. Cutter*, 16 Kas. 568, and *Perry, Adm'r, v. Rld. Co.*, 29 Kas. 420. The decision in *Railway Co. v. Cutter*, supra, and the language used in *Perry, Adm'r, v. Rld. Co.*, supra, referring to the right of a foreign administrator or administratrix to prosecute in the courts of this state an action of this nature, was based upon the supposition that the authority of the foreign administrator or administratrix was the same under the statute of the state where appointed, as under the laws of this state, and therefore, under the rules of comity, a foreign administrator was allowed to exercise in this state all the powers which he or she exercised in his or her own state, not repugnant to the laws, nor prejudicial to the interests of this state. But it has never been decided by this court that on account of courtesy, or for any other reason, a foreign administrator or administratrix could exercise in this state powers which he or she could not exercise in his or her own state. (*Land Grant Railway v. Comm'rs of Coffey Co.*, supra.) In the case of *K. P. Rly. Co. v. Cutter*, supra, the law of Colorado relating to administrators was not pleaded in the answer or referred to in the case; that decision was rendered upon the theory that the Colorado statute contained a provision similar to § 422 of our code. In *Perry, Adm'r, v. Rld.*

*Co.*, supra, the language of the court, "that an administrator appointed in another state can maintain an action in this state under § 422 of the code," was based solely upon the authority of *K. P. Rly. Co. v. Cutter*, supra.

Finally, if it be urged that under this construction of the law and the decision of *Perry, Adm'r, v. Rld. Co.*, 29 Kas. 420, there can be no party having a legal right to maintain an action of this character, where a resident of another state, whose death is caused by the wrongful act of another in this state, dies without leaving any estate or assets in this state, we answer that we do not make the law. If there is any omission in the statutes, the remedy is with the legislature. Instead of requiring the instituting of an action in the name of the personal representative of the deceased, where death ensues from the wrong done, the legislature can authorize an action to be maintained in the name of the widow or children, if any, or in the name of some one next of kin to the deceased.

The order of the district court sustaining the demurrer was erroneous, and therefore the judgment must be reversed, and the cause will be remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.