# Louisville & Nashville Railroad Co. *v.* Williams.

*Action against a Railroad Company by Administrator to Recover Damages for the Negligent Killing of his Intestate.*

1.  *Common law; presumed to exist in Tennessee.*—In the absence of averments and proof to the contrary, it will be conclusively presumed that the common law prevails in Tennessee; that State having a common origin with our own, or having been populated by citizens coming from States having such common origin.

2.  *Action against railroad company in this State for injury inflicted in Tennessee; not maintainable unless it finds support in the common law.* When, in an action by an administrator against a railroad company for damages for a wrongful act causing the death of plaintiff's intestate, the complaint shows that the wrong complained of was committed in the State of Tennessee and contains no averments of the existence of any statute in that State conferring on any one a right or remedy for the recovery of damages for such a wrong, the action must find support, if any, under the common law; and since a civil action does not lie at common law for a wrongful act or omission causing the death of a person, such action can not be maintained.

3. *Same; when right to maintain such action in this State does not authorize the maintenance of a suit.*—The legal consequences of a person's acts are determined by the laws obtaining when and where the acts are performed; and while the statute in this State gives a personal representative the right to recover damages for the wrongful act or omission causing the death of his intestate, such statute will not authorize the institution of a suit and the recovery of damages in this State, where the wrongful act, resulting in the intestate's death, was committed in another State, and it is not shown that such wrongful act was actionable in that State; and the fact that the death occurred in Alabama, does not affect the principle.

4. *Pleading and practice; reversal on appeal, notwithstanding complaint was not demurred to, when there is shown no substantial cause of action.*—When it is shown from the face of the complaint itself, that it contains no substantial cause of action, a judgment granting relief will be reversed, although the complaint was not demurred to in the trial court.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, Charles R. Williams, as administrator, against the Louisville & Nashville Railroad Company, to recover damages for the alleged negligent killing of his intestate, a baby, which it was alleged was so severely injured in a wreck of one of the defendant's trains that it died in consequence thereof.

Under the opinion in this case, it is not deemed necessary to set out the facts in detail. There were verdict and judgment for the plaintiff. The defendant brings the present appeal, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. G. JONES, for appellant.

BOWMAN & HARSH, contra.

HEAD, J.—This is an action against the Railroad Company for damages for a wrongful act or omission causing the death of plaintiff's intestate. The complaint shows that the wrong complained of was committed in the State of Tennessee. It contains no averment of the existence of any statute in that State conferring a right or remedy for the recovery of damages, by any one, for such a wrong; and there is, consequently, no effort to enforce in the courts of this State a statutory right

given by another State, which may be done in proper cases.

In the absence of averment and proof to the contrary, we must conclusively presume that the common law prevails in Tennessee, and unless the action finds support in that system it cannot be maintained.

The principle is too well established to be brought in question, that at common law, a civil action does not lie for a wrongful act or omission causing the death of a person. The personal representative of the deceased has no manner of right growing out of such a wrong, unless it is conferred by statute, and when it is so conferred, the statute has no operation upon acts or omissions done or suffered beyond the limits of the State enacting it. The legal consequences of a person's acts are determined by the law obtaining when and where the acts are performed.

In this State, we have a statute which gives the personal representative of the deceased a remedy by suit against the wrongdoer to recover a penalty for a wrongful act or omission causing the death of his intestate, and it is in virtue of this statute alone that the present action is sought to be maintained. The effort is to have this statute overleap the boundary of the State and convert into an actionable wrong alleged conduct of the defendant, which, in the State where it occurred, did not constitute an actionable wrong. Upon plain principles, such an effort must fail. The case of *Kahl v. Memphis & Charleston Railroad Co.*, 95 Ala. 337, states the law so clearly that further discussion would seem to be superfluous. See also *A. G. S. R. R. Co. v. Carroll*, 97 Ala. 126; *McCarthy v. Railway Co.*, 18 Kans. 46, s. c. 26 Am Rep. 742; *Railway Co. v. Cutter*, 16 Kans. 568; *Campbell v. Rogers*, 2 Handy, 111; *Vanderwerken v. R. R. Co.*, 6 Abb. Pr. 239; *Beach v. Bay St. S. Co.*, 30 Barb. 433; *Whitford v. P. R. R. Co.*, 23 N. Y. 465; *N. & C. R. R. Co. v. Eakin, Adm'r.*, 6 Cold. (Tenn.) 582; *Needham v. Grand Trunk R. R. Co.*, 38 Vt. 294; *S. R. & D. R. R. v. Lacy*, 43 Ga. 461; *Hoover v. Pa. Co.*, 25 Ohio St. 667; *Richardson v. R. R. Co.*, 98 Mass. 85; *Woodward, Adm'r. v. R. R. Co.*, 10 Ohio St. 121; *Willis v. Railway Co.*, 48 Am. Rep. (Tex.) 301; *Allen v. R. R. Co.*, 45 Md. 41; *Derrickson v. Smith*, 3 Dutch. 166; *McDonald v. Mal-

[Osborne v. Cooper.]

*lory*, 77 N. Y. 546, s. c. 33 Am. Rep. 664; Rorer Interstate Law, 135, 136; Wharton Con. Laws, §§ 477-480.

The fact that the death occurred in Alabama does not affect the principle—the wrongful act causing the death having been committed in Tennessee. Authorities *supra*.

There was no demurrer to the complaint and this objection was not raised in the court below, but the facts appear upon the face of the complaint itself, whereby it is shown that no substantial cause of action is disclosed. The complaint would not support a judgment by default, and this court will not do the vain thing of affirming a judgment rendered upon it.—Code of 1886, § 2835; *Childress v. Mann*, 33 Ala. 206; *Douglas v. Beasley*, 40 Ala. 142; *Winnemore v. Mathews*, 45 Ala. 449; *Kelly v. Moore*, 51 Ala. 364; *Taylor v. Jones*, 52 Ala. 78; *Bender v. Meyer*, 55 Ala. 576; *Thomas v. State, ex rel.*, 58 Ala. 365; *Marion v. Regenstein*, 98 Ala. 475; *St. Clair County v. Smith*, 112 Ala. 347.

We will not decide now whether, if, in fact, there is a Tennessee statute giving a right of action in a case like this, enforceable against this defendant in the courts of this State, the complaint may be amended so as to introduce it; and, reversing the judgment, will remand the cause. See *Cent. R. R. & B. Co. v. Carr*, 76 Ala. 388.

Reversed and remanded.