H. W. Cox, *as Administrator, etc., Appellee,* v. THE CITY OF KANSAS CITY, *Appellant.*

No. 17,395.

SYLLABUS BY THE COURT.

1. PUBLIC ADMINISTRATOR — *Appointment* — *Collateral Attack.* Under a statute providing that before a public administrator shall take charge of an estate he shall make application to the probate court showing certain facts, and shall give bond, and that the court shall thereupon issue him letters of administration, his appointment as administrator is not rendered absolutely void by the omission of the application to set out some jurisdictional fact, where such fact actually exists.

2. ———— *Same.*  Under the statute authorizing the appointment of an administrator where a nonresident has died leaving any estate to be administered in this state, such an appointment is not open to collateral attack by a showing that the intestate left no property in this state excepting the suit of clothes he was wearing, valued at $1.50.

3. WRONGFUL DEATH—*Who May Bring Action.*  An action for the wrongful death of a nonresident may still be brought by the Kansas administrator of his estate, under the original act conferring that authority, notwithstanding the passage of the supplemental act authorizing his widow or next of kin to bring the action.

4. VERDICT—*Not Excessive.*  A verdict for $3000 held not to be excessive under the evidence.

Appeal from Wyandotte court of common pleas. Opinion filed January 6, 1912.  Affirmed.

*Richard J. Higgins,* and *Nathan Cree,* for the appellant.

*James F. Getty,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Israel Saron, a resident of Missouri, was killed by being thrown from a wagon in Kansas City, Kan.  An action was brought against the city by H. W. Cox, as administrator of his estate, on the ground that his death was caused by the defective condition of the street.  The plaintiff recovered a judgment and the defendant appeals.

The principal controversy is over the capacity of the plaintiff to maintain the action.  Cox was the public administrator, under a statute creating that office for Wyandotte county.  (Laws 1903, ch. 199.)  That statute provides that letters of administration may be granted to the public administrator upon his making application therefor, showing the existence of certain conditions.  The defendant maintains that the appointment of Cox as administrator was wholly void, because his application did not show all the conditions necessary

to confer jurisdiction upon the probate court, even if they in fact existed. We think the better rule is that the appointment of an administrator will not be held void upon a collateral attack, merely because some jurisdictional fact is not affirmatively shown by the record, although the authorities are in conflict on the subject. (Woerner's Am. Law of Adm. § 261; 18 Cyc. 122; 19 Encycl. Pl. & Pr. 838.) The statute in question provides in substance that the public administrator shall not take charge of the estate until he has made an application showing the existence of the jurisdictional facts, and given a bond; and that letters shall then be issued. We do not think this language changes the general rule.

The argument is made that the powers of the public administrator are defined by the act creating the office, and do not include the maintaining an action on account of the death of the intestate. However that act may define the duties of the officer, we think he is within the meaning of the term "personal representative" as used in the statute giving a right of action for a wrongful death, and derives from that source a capacity to maintain the suit.

Moreover, we regard the appointment of the administrator as sufficient against a collateral attack irrespective of the special statute. The circumstance that Cox was the public administrator did not disqualify him for appointment under the general law, which makes no requirement as to how the probate court shall ascertain the facts necessary to confer jurisdiction. (*Brubaker v. Jones,* 23 Kan. 411.) The only jurisdictional defect that appears to have been urged upon the trial court was the want of any property in this state to justify the appointment of an administrator. The petition for the appointment of the administrator alleged that the deceased left personal property of about the value of $100. In fact the only property in this state owned by him at the time of

his death was the suit of clothes he was wearing, which was appraised at $1.50. The answer alleged that even this, having been taken to Kansas City, Mo., was brought back into Wyandotte county merely to supply a colorable pretext for the appointment of an administrator to prosecute this action; but this allegation was not supported by the evidence. The defendant maintains that the clothing was practically without value, and that the appointment of the administrator was void because there was really no property in this state to be administered.

The ordinary rule is that the appointment of an administrator is not open to collateral attack by showing the want of some jurisdictional fact, the determination of the probate court in that respect being regarded as conclusive until set aside, unless the lack of jurisdiction affirmatively appears upon the record. (*Ekblad, Adm'r, v. Hanson,* 85 Kan. 541, 117 Pac. 1028; *Livermore v. Ayres,* ante, p. 50, 119 Pac. —; 19 Encyc. Pl. & Pr. 838; Note, 81 Am. St. Rep. 535; Note, 4 A. & E. Ann. Cas. 1117; Note, 18 L. R. A. 242.)  One exception is almost universally recognized—it may always be shown that the supposed decedent is not dead.  This court has held, contrary to the weight of authority elsewhere, that an appointment may be collaterally attacked by showing that the deceased was not a resident of the county (*Ewing v. Mallison,* 65 Kan. 484, 70 Pac. 369), or that he left no property there (*Perry, Adm'r, v. St. J. & W. Rld. Co.,* 29 Kan. 420), where those matters are jurisdictional.  Our statute (Gen. Stat. 1909, § 3436) provides that when any person shall die intestate in any other state, administration shall be granted by the probate court of any county in which there is any estate to be administered.  This requires that there shall be some property within the jurisdiction of the court, but not that it shall be of any specific value.  In that situation the fact that the property is of very slight value—almost inconsiderable—is held not to defeat

jurisdiction. (*Wheeler, Adm'r, v. St. J. & W. Rld. Co.,* 31 Kan. 640, 3 Pac. 297; *U. P. Rly. Co. v. Dunden,* 37 Kan. 1, 14 Pac. 501; *City of Horton v. Trompeter,* 53 Kan. 150, 35 Pac. 1106; *Missouri P. R. Co. v. Bradley,* 51 Neb. 596, 71 N. W. 283; 18 Cyc. 71.) In *White v. Nelson,* (12 N. Y. Surr.) 2 Dem. 265, administration was granted upon the strength of a Japanese folding chair.

The defendant seeks to distinguish the Kansas cases cited, on the ground that in each of them the deceased was a resident of this state. We see no just ground for a distinction in principle. In the Trompeter case a doubt was suggested whether the existence of any property was necessary to the appointment of an administrator, but each of the three cases was decided upon the theory that the existence of some property was essential, and they must be deemed to establish the principle that the value of the property is a matter of no consequence so far as jurisdiction is concerned. In those cases, as in this one, it was sufficiently obvious that the real purpose of the appointment was to provide a plaintiff for the prosecution of a death claim. The present statute, which allows the beneficiaries to sue for themselves, dispenses with the necessity for such appointment, but does not affect the jurisdictional question. If the presence of an insignificant amount of property, coupled with the fact that the intestate was a resident of the county, is enough to authorize the appointment of an administrator where both property and residence are essential, it will by itself be sufficient for the purpose where property is the only jurisdictional requirement. The defendant places some reliance upon *Hoes v. N. Y., N. H. & H. R. R. Co.,* 173 N. Y. 435, 66 N. E. 119, where the appointment of an administrator was held void, upon a collateral attack, because based upon property fraudulently brought into the state to serve such purpose. If similar facts were shown here a different question would be presented. The New York

Cox, Adm'r, v. Kansas City.

case, however, turned upon a statute making the appointment conclusive, when drawn in question collaterally, *"in the absence of fraud or collusion."* (p. 439.) The ordinary rule seems to be that even the question of fraud can not be raised upon a collateral attack. (Note, 81 Am. St. Rep. 560, 561.)

The defendant further maintains that under the Kansas statute an action for the wrongful death of a nonresident of the state can only be brought by the widow or next of kin—not by the administrator. The original act (see Code 1909, § 419) conferred the right of recovery, and provided that the action might be brought by the personal representative for the benefit of the widow and children, if any, or next of kin. In 1889 a further act was passed (Laws 1889, ch. 131, § 1), described in its title as relating to actions for damages by the widow or next of kin of any deceased person, and "supplemental" to the former act, which reads as follows:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section 422 of chapter 80, Laws of 1868, is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section 422 may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

This new section is a part of the present code, its language remaining the same, except that the earlier act is referred to as the "preceding section." (Code 1909, § 420.) The defendant interprets the later section as meaning that where the deceased was a resident of this state, the action must be brought by the administrator, if one has been appointed, but where the deceased was a nonresident, it can only be brought by the widow or next of kin. We do not think this the proper interpretation of the statute. The original section authorized the personal representative of the deceased to

sue. The later enactment did not purport to amend the earlier one, but to supplement it. "Its purpose was to extend, not to restrict, the remedy." (*Railway Co. v. Fajardo,* 74 Kan. 314, 322, 86 Pac. 301.) An action for the death of a nonresident may still be brought by the administrator, in virtue of the original statute; or it may be brought by the widow or next of kin, in virtue of the supplemental legislation. This view has already been stated in another connection in this language:

"Said § 422*a*, being § 1 of chapter 131, Laws of 1889, . . . is not an amendment of § 422. That section is still in full force, and is not repealed, but stands as it did before the act of 1889 was passed. If a personal representative has been appointed, he may still maintain the action, as provided in § 422, the same as if the act of 1889 had not passed." (*Berry v. K. C. Ft. S. & M. Rld. Co.,* 52 Kan. 759, 769, 34 Pac. 805.)

The amount of the verdict—$3000—is objected to, but we do not find it excessive, in view of evidence to this effect: Saron was 24 years old, and unmarried. He had been in this country for two years, and was earning $30 a month, besides his board and lodging. The recovery was for the benefit of his parents, aged 58 and 55, living in Russia. He had sent them money at different times, the amounts varying from $25 to $60.

For a collection of cases on the subject, see 18 A. & E. Ann. Cas. 1231.

The judgment is affirmed.