No. 18,556.

ARTHUR METRAKOS, as Special Administrator, etc., *Appellant,* v. THE KANSAS CITY, MEXICO & ORIENT RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

WRONGFUL DEATH — *Foreign Special Administrator No Legal Capacity to Sue.* A resident of Kansas was killed in this state. No administration was taken out here, but in another state where the deceased left certain property a special administrator was appointed, who sues in Kansas under section 419 of the civil code to recover for the next of kin damages for the death. *Held,* that he can not maintain the action.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 10, 1914. Affirmed.

*Paul Brown, Silas Brown,* both of Wichita, *A. R. Talbot, T. S. Allen,* and *Edward G. Maggi,* all of Lincoln, Neb., for the appellant.

*John A. Eaton, D. W. Eaton, H. J. Eaton,* all of Kansas City, Mo., and *Chester I. Long,* of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff was in Nebraska appointed special administrator of the estate of the deceased, who resided and was killed in Segdwick county, Kansas. The court sustained a demurrer to the second amended petition, presumably on the ground that the plaintiff had no capacity to sue. The allegation is that the deceased left a personal estate in Lancaster county, Nebraska, and that a section of the statute of that state authorized the appointment. This section provides that if the deceased at the time of his death resided in any other state, leaving an estate to be administered in Nebraska, administration shall be granted in the county where such estate shall be; and provision is made for the appointment of a special or temporary administrator with authority to collect debts and bring suits. The pleading avers that the deceased was unmarried and gives the names of his next of kin. Plaintiff's theory is that by the terms of our statute he is entitled to maintain the action, which is not one to recover any assets which could become liable for the debts of the deceased or for any reason need to be administered upon here. The defendant relies on section 3436 of the General Statutes of 1909, which provides "That upon the decease of any inhabitant of this state letters testamentary or letters of administration on his estate shall be granted by the probate court of

the county in which the deceased was an inhabitant or resident at the time of his death," which must be considered in connection with section 419 of the civil code, which authorizes an action by the personal representatives of the deceased. Previous decisions have settled the following points:

Power to grant letters of administration is not dependent upon the existence of debts left by the deceased nor assets legally applicable to their payment. (*Ewing v. Mallison*, 65 Kan. 484, 493, 70 Pac. 369; *Nickel v. Vogel*, 76 Kan. 625, 92 Pac. 1105; *Ekblad, Adm'r, v. Hanson*, 85 Kan. 541, 543, 117 Pac. 1028.)

For the purpose of the appointment of an administrator for the prosecution of a death claim, the personal property left by the deceased may be merely nominal. (*Cox, Adm'r, v. Kansas City*, 86 Kan. 298, 120 Pac. 553, and cases cited.)

The claim for damages for causing the death of a person under section 419 of the civil code is not an estate of the deceased to be administered within this state. (*Perry, Adm'r, v. St. J. & W. Rld. Co.*, 29 Kan. 420.)

The administrator appointed in another state being a mere trustee of the fund sought to be secured can maintain an action to recover here for the death in this state of a resident of such other state. (*K. P. Rly. Co. v. Cutter*, 16 Kan. 568.)

Section 419 of the civil code does not confer a right of action for an injury inflicted in another state. (*McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46.)

An administrator appointed in another state can not proceed under this section if the law of his own state prohibits him from maintaining an action there (*Limekiller, Adm'x, v. H. & St. J. Rld. Co.*, 33 Kan. 83, 5 Pac. 401) ; and if so permitted in the state of his appointment he may not maintain the action here when the statute of such other state is in part penal and authorizes others than those prescribed by our statute to

sue (*Dale v. Railroad Co.*, 57 Kan. 601, 47 Pac. 521; *Matheson v. Railroad Co.*, 61 Kan. 667, 60 Pac. 747).

The widow of a nonresident whose death occurred in this state may as such widow recover here although not entitled to as administratrix. (*Railway Co. v. Mills*, 57 Kan. 687, 47 Pac. 834.)

Alien parents can sue here for the death in this state of a minor son. (*Railway Co. v. Fajardo*, 74 Kan. 314, 86 Pac. 301.)

Section 3639 of the General Statutes of 1909 is in these words:

"An executor or administrator duly appointed in any other state or country may sue or be sued in any court in this state, in his capacity of executor or administrator, in like manner and under like restrictions as a nonresident may sue or be sued."

This has been liberally construed, and has been held to justify an action against a foreign executor or administrator on publication service (*Cady v. Bard*, 21 Kan. 667); the recognition by our courts of a foreign administrator's possession of personal property here belonging to the deceased who was domiciled in another state—there being no local administrator and no local creditors (*Denny v. Faulkner*, 22 Kan. 89); an attachment here by a foreign administrator with the will annexed (*Dunlap v. McFarland, Adm'r*, 25 Kan. 488); an action against a foreign executor for the recovery of money on a contractual liability (*Manley v. Park*, 62 Kan. 553, 557, 64 Pac. 28); and the enforcement here by attachment of a contract obligation of a nonresident who died owning real estate here (*Manley v. Mayer*, 68 Kan. 377, 75 Pac. 550). In the decision last cited the history, constitutionality and meaning of the section were fully considered.

While the requirement of section 3436 that letters testamentary or letters of administration "shall be granted" is directory and not mandatory, and when there are no creditors no administration is necessary

(*Brown v. Baxter,* 77 Kan. 97, 94 Pac. 155, 547), still the courts are not called upon to disregard such requirement in a case like this when in all probability the deceased, who was earning wages here, left a sufficient estate to warrant the granting of letters of administration, for this section fixes the situs of the appointment at his residence and not at some other place where he may have left property. What was said in the Cutter case (16 Kan. 568) respecting the province of the personal representative who sues for the fund provided by section 419 had reference to the facts of that case, which did not involve the recognition of a foreign administrator to the exclusion of one who should have been appointed here. No former decision of ours has touched the question now presented and no reason is perceived why the statutory method should not be followed. Various views have been taken of situations somewhat similar. (Tiffany, Death by Wrongful Act, 2d ed., § 110; 18 Cyc. 1239, 1240; *Boulden v. P. R. Co.,* 205 Pa. St. 264, 54 Alt. 906; *Morris v. C. R. I. & P. Ry. Co.,* 65 Iowa, 727, 23 N. W. 143; *Robertson v. C., St. P., M. & O. R. Co.,* 122 Wis. 66, 99 N. W. 433; *Sanbo v. Union Pac. Coal Co.,* 130 Fed. 52; *Dennick v. Railroad Company,* 103 U. S. 11.) But decisions which involve the precise condition here presented have not been pointed out or discovered.

The provision for a special administrator in Nebraska appears to be practically the same as ours, and such appointment is not ancillary but preliminary and temporary. And while such appointee has in certain cases cited by the plaintiff been held to be the personal representative, we find no authority or reason for holding that either a special or a general administrator of another state can demand judicial recognition in this case to recover for the death of one whose residence and death were here.

The judgment is affirmed.