No. 27,819.

Mrs. Dora White, *Appellant*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellee*.

(265 Pac. 73.)

SYLLABUS BY THE COURT.

Death—*Beneficiaries of Right to Sue for Damages—Death of Widow Briefly Following that of Injured Husband.* A man and his wife were fatally injured when the automobile in which they were riding was struck by a train on a highway crossing. The wife survived her husband for a period of about two hours, during which she was unconscious. They had no children. His mother, as next of kin, sued for damages consequent upon his death, under the statute relating to death by wrongful act, which provides that the damages must inure to the exclusive benefit of the widow and children, if any, or next of kin. *Held,* the right to damages was a property right which vested in the widow at death of her husband and inured to her exclusive benefit, although not converted into money in her lifetime.

Appeal from Montgomery district court; Joseph W. Holdren, judge. Opinion filed March 10, 1928. Affirmed.

*C. S. Ritter,* of Iola, and *Charles D. Shukers,* of Independence, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott* and *Alfred G. Armstrong,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a mother as next of kin to recover damages for death of her son. A demurrer to plaintiff's evidence was sustained, and she appeals.

The automobile in which Ferdinand Atkin and his wife were riding was struck by one of defendant's trains on a highway crossing at about 10:50 a. m. on October 16, 1925. Atkin and his wife were fatally injured. They were removed to a hospital, where they were examined by a physician at about 12 o'clock noon. Atkin lived about an hour after reaching the hospital, and Mrs. Atkin lived about two hours longer. She did not recover consciousness after the accident. They had no children, and were residents of Oklahoma. No administrator of Atkin's estate was appointed, and his mother, Dora White, brought the action, as next of kin. The statute reads as follows:

Death, 17 C. J. pp. 1179 n. 82, 1193 n. 3, 1198 n. 90. 1233 n. 47; 24 L. R. A. n. s. 844; 13 A. L. R. 225; 34 A. L. R. 162.

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased." (R. S. 60-3203, 60-3204.)

The statute is remedial, and is to be liberally construed. The right to damages, however, is statutory, and conditional, and cannot be enforced except within the prescribed statutory limitations. (*Walker v. O'Connell,* 59 Kan. 306, 310, 52 Pac. 894; *Harwood v. Railway Co.,* 101 Kan. 215, 221, 171 Pac. 354.)

The provision of the statute that the damages must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased, disposes of property:

"The statute is dispositive of property interests and not regulative of modes of practice. . . . There is absolutely nothing in any of the acts to be done of which manner of legal procedure can be predicated. The statute, therefore, is not a direction to distribute according to certain forms, but it is a direction to distribute to certain persons. Those persons are the ones to whom the personal property of the deceased is to be distributed." (*Railway Co. v. Ryan,* 62 Kan. 682, 684, 685, 64 Pac. 603.)

The pertinent statute relating to distribution of personal property reads:

"If the intestate leave no issue, the whole of his estate shall go to his wife; and if he leave no wife nor issue, the whole of his estate shall go to his parents." (R. S. 22-119.)

There is no presumption of survivorship when persons perish by a common disaster. The question whether one survived another is to be determined as a matter of fact by evidence. (*Russell v. Hallett,* 23 Kan. 276.) In this instance the plaintiff's evidence proved that Mrs. Atkin survived her husband. At his death the whole of his estate vested in her. None of it descended to his mother, and at Mrs. Atkin's death her estate descended to her par-

ents, and not to her husband's parents. In precisely the same way, the species of property consisting of the interest of a beneficiary in damages consequent on death by wrongful act, vests in the beneficiary at death of the injured person. The cause of action to recover the damages accrues when death occurs. The action for damages must be brought within two years from date of death, and vesting of interest under the death statute is no more postponed to some indefinite future time than vesting of estate under the statute of descents and distributions.

In the opinion in the case of *Matter of Meekin v. B. H. R. R. Co.*, 164 N. Y. 145, the court said:

"The amount of damages in this class of cases depends upon the value of the reasonable expectation of pecuniary benefits from the continuance in life by the decedent to the husband or wife and next of kin. This is a right of property which becomes vested in the beneficiaries at the moment of death and can be converted into money through a statutory action brought for their benefit by the personal representatives, who are simply trustees for the purpose." (p. 149.)

The personal representative of the deceased who, under R. S. 60-3203, is alone authorized to sue, is a statutory agent to collect and disburse the damages. He does not act for himself, or for the estate of the deceased, but for the benefit of the distributees. (*Jeffries v. Mercantile and Elevator Co.*, 103 Kan. 786, 176 Pac. 631.) R. S. 60-3204 was subsequently enacted to preserve the remedy in case no personal representative was appointed, or in case of nonresidence of the deceased. (*Berry v. K. C., Ft. S. & M. Rld. Co.*, 52 Kan. 759, 34 Pac. 805; *Cox, Adm'r, v. Kansas City*, 86 Kan. 298, 120 Pac. 553.) Whoever sues does so in the statutory capacity. If the deceased left a widow and children, and the widow, being qualified to sue, does so, she sues for the benefit of herself and her children. Should the deceased leave no statutory beneficiary, his personal representative has no office to perform.

The damages recoverable must inure to the exclusive benefit of the "widow and children if any, or next of kin." The word "or" is here used in the usual alternative sense of one but not both, and the statute creates preferred classes of beneficiaries. Use of the word "or" to establish priorities is exhaustively treated in the opinion in the case of *Wilcox v. Warren Construction Co.*, 95 Ore. 125. Frequently the word "or" may be read "and," but there must be reason for doing so. The real intention of the legislature to use the word in the sense of "and" when the statute was enacted must

be clearly demonstrable, and it is not enough that a statute reading "or" and meaning "or" when it was enacted, would now be more efficient, or would now serve a wider purpose if read "and." In this instance, "or" was evidently deliberately chosen.

Lord Campbell's act was of course the prototype of the statute. But with Lord Campbell's act before it, the legislature framed a statute according to its own conception of what the liability for death by wrongful act should be in Kansas. Lord Campbell's act contained the following provisions:

"II. And be it enacted, That every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased; and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought; and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the before-mentioned parties in such shares as the jury by their verdict shall find and direct.

"III. Provided always, and be it enacted, That not more than one action shall lie for and in respect of the same subject matter of complaint, and that every such action shall be commenced within twelve calendar months after the death of such deceased person.

"IV. And be it enacted, That in every such action the plaintiff on the record shall be required, together with the declaration, to deliver to the defendant or his attorney a full particular of the person or persons for whom and on whose behalf such action shall be brought, and of the nature of the claim in respect of which damages shall be sought to be recovered." (St. 9 & 10 Vict. c. 93.)

Under this act, the action is for the collective benefit of designated members of the family of the deceased. Damages proportioned to the injury suffered by the respective beneficiaries are to be divided among them in such shares as the jury may find and direct, and the one action by the personal representative, commenced within twelve months, may be maintained for the benefit of the last person in the enumeration as well as the first one. The legislature of this state chose to follow the analogy of the statute of descents and distributions. The damages are for the exclusive benefit of the widow and children, if any; if none, then next of kin. It is obvious that if the widow and children take the property right created by the statute, or the widow or a child takes, next of kin do not. The benefit of the statute has been exhausted. Next of kin, then, have no more interest in damages than they would have in personal estate

of the deceased, and to say that if the preferred beneficiary who does take neglects, refuses, or for any reason fails to enforce the right, a deferred beneficiary may do so, is to read into the statute a provision which the legislature did not choose to place there.

The overwhelming weight of authority, both in number of decisions and soundness of judicial reasoning, supports the conclusions just stated. In the article on death in 17 C. J., the section devoted to statutory designation of beneficiaries reads in part as follows:

"The several statutes vary greatly in the designation of the beneficiaries. Many of them provide that the action shall be for the benefit of the widow and next of kin, or the widow, widower, and next of kin. Under such statutes, there need not be both a widow or widower, and next of kin; it is sufficient if there is either a widow, widower, or next of kin. The entire recovery belongs to the surviving beneficiaries. Other statutes give the action for the benefit of the widow or widower and children, if any, or next of kin, or otherwise divide the specified beneficiaries into alternative groups. Under statutes of this type, beneficiaries in a deferred class are entitled only where there is no person in existence belonging to one of the prior classes." (§ 61, p. 1214.)

In support of the text decisions by the courts of sixteen states are cited. Some of the decisions consider preferred classes of beneficiaries under statutes other than the normal death by wrongful act statute. Additional cases decided by courts of states in the list may be consulted with profit. Among them are: *Wilcox v. Bierd et al.,* 235 Ill. App. 126; *Wilcox v. Warren Construction Co.,* 95 Ore. 125; *Railroad v. Bean,* 94 Tenn. 388.

Two decisions by courts of states not in the list, and a recent decision by the supreme court of the United States, are of special importance: *Kerner v. Trans-Mississippi Terminal R. Co.,* 158 La. 853; *Hammond v. Street Ry.,* 106 Me. 209; *Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co.,* 48 Sup. Ct. Rep. 73 (Nov. 21, 1927).

In the Hammon case the syllabus reads as follows:

"Revised Statutes, chapter 89, sections 9, 10, giving a right of action for wrongful death for the benefit of specified relatives, to be sued on within two years, create a single cause of action which vests immediately and finally at the time of the death in the statutory beneficiary, and not when suit is brought or recovery is had, and hence, on the death of decedent without children, the cause of action vested in his widow, and could not be transferred to any other beneficiary by her death or failure to sue." (*Hammond v. Street Ry.,* 106 Me. 209.)

The opinion by Mr. Justice Cornish in the Hammond case makes another judicial opinion on the same subject superfluous.

The plaintiff relies on three decisions: *Morris v. Gas & Electric Co.*, 70 S. C. 279; *Garrard v. Mohoming Val. Ry. Co.*, 100 Ohio St. 212; *Wells-Dickey Trust Co. v. Chicago B. & Q. R. Co.*, 159 Minn. 417.

In the South Carolina case the syllabus reads:

"An action brought by administrator of a son for damages for his wrongful death for the benefit, as alleged, of his father and brother and sisters, should not abate upon death of father, because he was sole beneficiary under statute at time action was commenced." (p. 279.)

The statute of South Carolina differs in phaseology from the statute of this state. In designating beneficiaries it creates preferred classes, but, considered together, the provisions relating to action by the executor or administrator of the deceased, assessment of damages, including exemplary damages, by the jury proportioned to the injury resulting to the persons respectively for whose benefit the action is brought, and division of shares among beneficiaries, squint in the direction of those statutes which allow survivors of a preferred class to share in the amount of recovery. The supreme court of Maine thought the case could be distinguished on that ground. (*Hammond v. Street Ry.*, 106 Me. 209, 216.) The South Carolina court said the statute should be liberally construed, and by giving it what was assumed to be a liberal construction, the court reached the conclusion indicated by the syllabus of the decision. Some of the premises on which the conclusion was based are not in accord with the accepted theory of recovery under death statutes, whether they create preferred classes of beneficiaries or classes who have joint or concurrent interests:

"The award of damages for the wrongful death is the important matter, the manner ·of distribution is of secondary consideration. . . . Under the statute, the action must be prosecuted in the name of deceased's administrator, and he is living to carry on the action for the benefit of whoever may be entitled to participate in the distribution of such recovery as may be had." (*Morris v. Gas & Electric Co.*, 70 S. C. 279, 281.)

An award of damages is of no importance in any case except as it relates to the pecuniary injury of some statutory beneficiary, and right of beneficiaries to participate enters into the very substance of the cause of action for damages. As indicated earlier in this opinion, the administrator, or whoever sues, is always a figurehead.

White v. Atchison, T. & S. F. Rly. Co.

"The position that the action does not abate because the nominal plaintiff, the administrator, still lives and is ready and willing to prosecute it, seems scarcely worthy of serious thought. The administrator is a mere trustee, so made by the statute, with power to sue for the benefit of his *cestui que trust,* or the person beneficially interested. He has no right except in virtue of the right of the real party in interest, and if the right of that party is lapsed or lost, so that no recovery can be had upon it, it follows that the action can be no longer maintained." (Per Dixon, C. J., *Woodward v. The Chicago and Northwestern Railway Co.,* 23 Wis. 400, 406.)

In the Ohio case relied on by plaintiff, the syllabus reads:

"1. Under the provisions of section 10,772, General Code, the right to enforce liability thereunder is lodged in the personal representative of the deceased, for the benefit of the persons of classes therein named. If the favored class, wife or husband and children, was not in existence at the time of bringing such action, the action may be brought for the benefit of the deceased's parents and next of kin.

"2. A husband and wife sustained personal injuries causing the death of both, but the latter survived her husband a few hours. After the death of the wife, the husband's personal representative instituted suit, under the section named, for the benefit of the husband's father, mother, brothers and sisters, there being no children of the deceased: *Held,* the action was properly brought." (*Garrard v. Mahoning Val. Ry. Co.,* 100 Ohio St., 212 [1919].)

In the opinion it was said the statute of Ohio was substantially similar to the statute of South Carolina and, as indicated, a favored class was expressly recognized. But the decision was based on the following grounds:

"There is no doubt in our mind that the legislative purpose was to provide recovery for the class existing at the time the action is brought. . . . In fact the statute expressly provides that the right to enforce the liability is lodged in the personal representative of the deceased person. By force of this statute the right to enforce the liability is not placed in the beneficiary. . . .

"The chief purpose of the wrongful death statute is to provide not only for a survival of the action, but for payment to the beneficiaries named in the statute; and to the class of beneficiaries existing at the time of bringing the action by the personal representative." (pp. 215, 216.)

The decision in the Maine case that right to damages vests at death of the injured person, was disapproved on the following ground.

"We think that our statute does not vest the cause of action in any particular class existing at that time, but that the cause of action, or the right to enforce liability, is distinctly vested in the personal representative of the deceased person in behalf of the class existing when the right is enforced by suit instituted by such representative." (p. 217.)

This supremacy of right to initiate and conduct a proceeding over right to benefit from the proceeding, which floats *in nubibus* until action commenced, is established by the declaration of the court that it has no doubt in its mind. Incidentally the court maimed one of its own offspring, *Doyle v. Railroad Co.*, 81 Ohio St. 184 (1909), decided under the same statute. The opinion in the Doyle case reads as follows:

"We see in this that the legislature has circumscribed the right of action and fixed the beneficiaries as those who *suffer pecuniary* injury resulting from such death. The cause of action for the wrongful death of John H. Doyle commenced to run at the time of his death, and the liability of the railroad company was to respond in damages for the exclusive benefit of Mary Doyle, widow, . . . Unfortunately there is no provision of the statute that upon the death of Mary Doyle, the exclusive beneficiary in the suit, the right of action shall vest in some other next of kin of John Doyle, who at the time the cause of action herein accrued had no interest in it." (p. 192.)

None of the justices who participated in the decision in the Doyle case were members of the court when the Garrard case was decided.

In the case of *Waldo v. Goodsell*, 33 Conn. 432 (1866), the syllabus reads:

"The act of 1853 (Rev. of 1866, p. 202) provides that where the life of a passenger is lost by reason of the negligence of a railroad company, the company shall be liable to pay damages, not over $5,000 nor less than $1,000, to the use of the executor or administrator, to be recovered by him in an action on the statute, for the benefit of the husband or widow and heirs of the deceased person; if children, one-half to them; and if no children, the whole to the husband or widow; and if no husband or widow, to the heirs at law. A husband and wife, having no children, were injured at the same time by the negligence of a railroad company, and both died, but the husband a little before the wife. *Held*, that the right to the damages vested absolutely in the wife, and on her death went to her heirs and not to the heirs of the husband."

In the opinion it was said:

"The question now is, what by the true construction of that statute is the line of distribution. The respondent Hoodsell contends that the title of the widow to the damages was not vested in her at the time of the death of her husband, but that it was contingent and depended upon her being alive at the time of the recovery. The language of the statute is perfectly explicit, and we see nothing in it to warrant such an idea. The money is to be sued for and recovered by the executor or administrator of the husband in a case like this, for the benefit of the widow. There being no children, the whole belongs to her. The right to it becomes fixed by the death of the husband and at his death. The only contingency is as to the time of payment. That depends of course upon a settlement or recovery. If her right depended upon the fact

of her being alive at the time of the judgment in a lawsuit, there never could be a settlement with her which would be safe for the company. . . . The rule that her title vests absolutely in her at his death is simple, certain, and consistent with both the language, and, as we think, the obvious intention of the statute.

"The language is similar to that of the law regulating a distribution of property to heirs. And the question in such cases is, what heirs were living at the death of the ancestor." (pp. 434, 435.)

In the case of *Kerner v. Trans-Mississippi Terminal R. Co.*, 158 La. 853 (1925), the opinion reads:

"Some statutes authorize the personal representative; that is, the executor or administrator of the succession, of the deceased person who was injured, to prosecute the suit for the benefit of the survivors who succeed to the right of action jointly or concurrently. Under those statutes, of course, if one of the survivors having the joint or concurrent right of action dies after the death of the person who was injured, it does not affect the authority of the executor or administrator of the succession of the person who was injured to prosecute the suit for the other survivor or survivors who had the right of action jointly or concurrently. In other states, the statutes on the subject, like article 2315 of the Louisiana code, as amended, declare that the right of action shall survive in favor of certain survivors specified, and, in default or in the absence of them, in favor of other survivors specified, etc. In those states, the courts have held that the right of action is not transmissible from one to another survivor of the person injured, either by inheritance, or by a necessary implication from the statute on the subject, by the death of a survivor of the person injured. [Citations.] The reasoning and the logic of those decisions is the same that has controlled and directed this court in its decision on the subject, . . ." (p. 864.)

The reasoning and the logic of the many carefully considered cases, decided since the Connecticut case, are the same as that of the Ohio court in the Doyle case. In the Maine case it was pointed out that in some states statutes have been enacted to accomplish what the South Carolina court, and the Ohio court in the Garrard case, did by "interpretation."

In the third case relied on by plaintiff, *Wells-Dickey Trust Co. v. Chicago, B. & Q. R. Co.*, 159 Minn. 417, the court was called on to interpret the federal employers' liability act. In the very able opinion by Mr. Justice Dibell, the method of construing death statutes was discussed as follows:

"We do not stress much the doctrine of liberal construction; nor does the holding of the Tennessee, Indiana and Wisconsin courts as to strict construction militate greatly against the results there reached. Likely the holding in these states would have been the same if the doctrine of strict con-

struction had not been mentioned. The common law was radically changed by the liability statute. The statute was intended for the protection of the employee and his dependents. It inaugurated a new policy. It should have a fair construction, with the purpose of its enactment in view, not narrowed or restricted because it is a substitute for the discarded common law. The new law should be given a reasonable construction to the end that interstate employees and their dependents may be compensated, for that was the purpose of congress." (p. 422.)

The conclusion was that one class of beneficiaries failing after death of an employee, the cause of action resting in his personal representative may be prosecuted for the benefit of the next class. The judgment of the supreme court of Minnesota was reversed by the supreme court of the United States. In the opinion by Mr. Justice Brandeis, who is not inclined to be a partisan of vested rights when out of correlation with sociological jurisprudence, it was said:

"While the suit thereon must be brought by the personal representative of the employee, he sues as trustee for the person or persons on whose behalf the act authorizes recovery. The question is whether the sister, being, but for the short survival of the mother, 'next of kin, dependent upon such employee,' is, under the circumstances entitled to compensation.

"The language of section 1 makes it clear that she is not. The cause of action as there expressed, accrues to the widow and children, if either survives. It accrues to the parents if neither widow nor child survives. It accrues to the next of kin dependent upon the employee only if there is no surviving widow, child, or parent. There are, thus, three classes of possible beneficiaries. But the liability is in the alternative. It is to one of the three; not to the several classes collectively. The contention is that, if the one entitled at the death of the employee to the compensation dies thereafter before a recovery, the action may be brought on behalf of the class next in line. There is no basis in the act for such a shifting of the beneficiary. The statute does not provide for a life interest in one, with remainder over to others in the line of distribution. Nor does it provide for vesting the right to compensation in the one, with a conditional limitation to another, in case the one entitled at the death happens to die thereafter without having secured recovery.

"The cause of action accrues at the death (*Reading Co. v. Koons*, 271 U. S. 58, 46 S. Ct. 405, 70 L. Ed. 835). When it accrues, there is an immediate, final and absolute vesting; . . ." (*Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co.*, 48 Sup. Ct. Rep. 73 [Nov. 21, 1927].)

Plaintiff contends that right to damages for her husband's death should not be construed as vesting in Mrs. Atkin, because she died the day she was injured, survived her husband but two hours, and

White v. Atchison, T. & S. F. Rly. Co.

was unconscious during that time. The accrual to beneficiaries of an interest by virtue of the death statute is in principle identical with accrual of interest under survival statutes, which abrogate the common-law rule that death from an injury terminates cause of action for the injury. Some of the decisions under survival statutes, selected from the list in 17 C. J. 1198, follow:

"For a death caused by the wrongful act of another, a cause of action survives if deceased lived after the act constituting the cause of action, whether conscious or not." (*St. Louis, I. M. & S. Ry. Co. v. Dawson,* 68 Ark. 1, syl. ¶ 1.)

"Whether or not the statutes of the state give a remedy for a personal injury resulting in absolutely instantaneous death is not determined; but where the injured person survives the injury for but a moment, a cause of action (which survives to his representatives) accrues to him as certainly as if he had lived for a month or a year thereafter; the test being whether he lived after the injury, and not how long he lived." (*Kellow, Jr., Adm'r, v. The Central Iowa R'y Co.,* 68 Iowa, 470, syl. ¶ 6.)

"An action at law to recover damages for an injury which causes immediate insensibility, and death in fifteen minutes, survives to the administrator of the estate of the deceased." (*Bancroft v. Boston and Worcester Railroad Corporation,* 11 Allen [93 Mass.], 34, syl.)

"There is no occasion for saying that one dies instantly because such survival is accompanied by a comatose condition, or unconsciousness, or insanity, or idiocy. The law draws no such distinction between the normal and abnormal, or the rational and irrational. Either has a right of action. . . . See [authorities], where it was held that survival of the injury for a moment is sufficient to permit the cause of action to vest and survive." (*Olivier v. Houghton County St. Ry. Co.,* 134 Mich. 367, 368.)

In the case of *Beeson v. Lotz,* 101 Kan. 399, 166 Pac. 466, the constitution and by-laws of a fraternal insurance brotherhood provided that if a member died without designating a beneficiary, the beneficiary should be his widow if he left a widow. A member designated his wife as beneficiary. She died, and another beneficiary was not named. The member remarried. Afterward the member and his second wife died by asphyxiation, but she survived him for about an hour. The syllabus reads:

"The rights of a widow and of those who claim under her are as potent where she only survives her husband one hour as they would be if she survived him for a number of years.

"Rules of equity cannot be intruded in matters plainly and fully covered by positive statutes." (¶¶ 2, 3.)

There is no more occasion for making an exception respecting vesting of property under the death statute than there is for making

an exception to operation of the statute of descents and distributions, which disposes of the whole of an intestate's estate.

Appropriating the language of the supreme court of Maine:

"The construction contended for by the plaintiff wrenches too violently the plain language of the statute, while that adopted follows its natural and reasonable meaning." (*Hammond v. Street Ry.*, 106 Me. 209, 216.)

The judgment of the district court is affirmed.