No. 32,522

CARRIE CUDNEY, an Insane Person, by Her Guardian, VERLE CUDNEY, *Appellee*, v. THE UNITED POWER AND LIGHT CORPORATION, *Appellant*.

(51 P. 2d 28)

614

Opinion filed November 9, 1935.

Thomas F. Doran, C. E. Kline, Harry W. Colmery, M. F. Cosgrove, all of Topeka, A. C. Malloy, Roy C. Davis, Warren H. White, all of Hutchinson, and John A. Etling, of Kinsley, for the appellant.

A. L. Moffat and W. E. Broadie, both of Kinsley, for the appellee.

The opinion of the court was delivered by

THIELE, J.: · This appeal presents the question of who may maintain an action for damages for wrongful death, and arises out of the following circumstances:

In the year 1927 one E. W. Cudney erected a radio aerial between his house and a windmill which stood at a distance across an alley from his house. In 1928 the defendant company extended its lines along the alley. On July 30, 1931; Cudney started to take down the aerial by loosening the end at his residence so that it fell on the electric power line. He then climbed upon the windmill, where he came in contact with the aerial wire, which had become charged with electricity, and as a result was killed. He left surviving him his wife, Carrie, an adult daughter and three minor sons. On August 7, 1931, Rhoda Cudney was appointed and qualified as administratrix of the estate of E. W. Cudney, and administered the estate, which was finally settled on September 20, 1932, at which time she was discharged. On August 20, 1931, the widow, Carrie Cudney, was declared insane and her adult daughter, Verle, was appointed as her guardian.

On December 20, 1932, an action was instituted by Carrie Cudney, an insane person, by her guardian, Verle Cudney, against the Power and Light Company to recover damages for the alleged wrongful death of E. W. Cudney. We are not concerned with the sufficiency of the allegations charging negligence and refer only to those allegations which pertain to the plaintiff's right to sue, which are that E. W. Cudney died July 30, 1931, a resident of this state, leaving surviving him his wife, Carrie, his adult daughter, Verle, and three minor sons; that Carrie is a resident of Kansas confined in a state hospital for the insane, and that Verle Cudney is her guardian; that E. W. Cudney "died intestate leaving no property or debts

and no administrator . . . has been appointed on behalf of his estate and that any and all sums recovered herein on account of the death of said E. W. Cudney will properly inure to the sole benefit and use of said plaintiff and her children."

The defendant answered, admitting the death of E. W. Cudney, but denying that no administrator had been appointed, and alleging that Rhoda Cudney had been appointed as administratrix of his estate; that the estate had been fully administered and final settlement made on September 20, 1932; that no appeal had been taken from the order of final settlement which had become final and conclusive; that the plaintiff was without right to maintain the action under the laws of Kansas, particularly R. S. 60-3203 and 60-3204, and that the action was barred by the two-year statute of limitations included in the above-mentioned statutes. Allegations with respect to negligence are not noted. We are not advised when this answer was filed.

Plaintiff replied admitting the appointment and subsequent discharge of the administratrix of the Cudney estate, and alleging that upon petitions filed separately by the guardian of the insane mother and the guardian of the minor children, the probate court had vacated the order of final settlement and reappointed and reinstated the administratrix, and praying that the administratrix be made a party plaintiff. A separate motion to the same effect was likewise filed by the plaintiff. The defendant filed its motions, one asking the court to determine as a matter of law whether plaintiff is a proper party to maintain the action, and whether the claimed action has become barred by the statute of limitations, the other being for judgment on the pleadings. The trial court heard the motions and denied defendant's motion for judgment on the pleadings and allowed plaintiff's motion to have the administratrix made a party plaintiff. From these rulings the defendant appeals.

In a number of our decisions reference to the history of actions for wrongful death may be found. (See *Railway Co. v. Fajardo,* 74 Kan. 314, 86 Pac. 301; *White v. Atchison, T. & S. F. Rly. Co.,* 125 Kan. 537, 265 Pac. 73.)

At common law an action for wrongful death could not be maintained, and it was not until Lord Campbell's act was enacted in 1846 that such an action could be maintained in England. Without exhausting the subject it may be noted that such a right of action was conferred by the Acts of 1859 (ch. 1) of this state, appearing

as chapter 3 of the General Laws of 1862. When the statutes were revised in 1868 a similar right of action was conferred by section 422 of the code of civil procedure (G. S. 1868, ch. 80, sec. 422). In the first of these acts the action had to be brought in the name of the personal representative of the deceased and the recovery was for the benefit of the widow, if there be one, and the next of kin, to be distributed to them in the proportion provided by law for distribution of the personal estate left by a person dying intestate. The action had to be brought in two years, and no limit was placed on the amount of recovery. In the revision of 1868 the wording of the statute was materially changed and a limitation on amount of recovery was added. This particular section has not been changed, now appears as R. S. 60-3203, and reads as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Under the above statute, it having been held that only the representatives of the deceased could bring the action, and that an administrator could not be appointed unless there was an estate to be administered, and that such a claim is not an asset of decedent's estate (*Perry v. St. Joseph & W. R. Co.,* 29 Kan. 420; *U. P. Rly. Co. v. Dunden,* 37 Kan. 1, 14 Pac. 501), the legislature considered extension of remedy and enacted chapter 131 of the Laws of 1889. In the revision of the code of civil procedure in 1909 the language of the last act was changed to make it conformable to the general statement of the code and it now appears as R. S. 60-3204, and reads as follows:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The purpose of this section was not to create a new cause of action nor to impose a limitation on an existing one, but merely to extend the remedy so that nonresidence of the deceased or non-

appointment of a personal representative should not be a bar to recovery. (*Railway Co. v. Fajardo,* supra.)

Putting aside, for the time being, any reference to the force and effect of the order of the probate court setting aside the final settlement and reappointing the administratrix, appellant contends that an administratrix having been appointed, the estate administered, finally settled and the administratrix discharged, without any action having been brought by her, thereafter there was no proper party plaintiff to bring the action; that the statute specifies the action must be brought by the personal representative and that the widow or next of kin can bring the action only when "no personal representative is or has been appointed," it being argued that the action is "maintainable only by the person who is, by the terms of the statute, authorized to maintain it." (*City of Eureka v. Merrifield,* 53 Kan. 794, syl. ¶ 2, 37 Pac. 113.)

Appellant relies on *White v. Atchison, T. & S. F. Rly. Co.,* 125 Kan. 537, 265 Pac. 73, in which it was said:

"The statute is remedial, and is to be liberally construed. The right to damages, however, is statutory, and conditional, and cannot be enforced except within the prescribed statutory limitations." (p. 538.)

In that case it was held that where decedent and his wife, who had no children, were injured and died in a single accident, the wife surviving the husband about two hours, the mother of the husband could not, under the statute, maintain the action as next of kin. In discussing the question, it was further said:

"The personal representative of the deceased who, under R. S. 60-3203, is alone authorized to sue, is a statutory agent to collect and disburse the damages. He does not act for himself, or for the estate of the deceased, but for the benefit of the distributees. (*Jeffries v. Mercantile and Elevator Co.,* 103 Kan. 786, 176 Pac. 631.) R. S. 60-3204 was subsequently enacted to preserve the remedy in case no personal representative was appointed, or in case of nonresidence of the deceased. (*Berry v. K. C., Ft. S. & M. Rld. Co.,* 52 Kan. 759, 34 Pac. 805; *Cox, Adm'r, v. Kansas City,* 86 Kan. 298, 120 Pac. 553.) Whoever sues does so in the statutory capacity. If the deceased left a widow and children, and the widow, being qualified to sue, does so, she sues for the benefit of herself and her children. Should the deceased leave no statutory beneficiary, his personal representative has no office to perform." (p. 539.)

Our attention is also directed to cases where there is necessity of pleading the facts with reference to nonresidence of the deceased within the state, or that no personal representative had been appointed of a resident decedent, in order that a cause of action be

stated. (See *City of Eureka v. Merrifield*, 53 Kan. 794, 37 Pac. 113; *Walker v. O'Connell*, 59 Kan. 306, 52 Pac. 894, and the discussion in *Early v. Burt*, 134 Kan. 445, 448, 7 P. 2d 95.)

Appellant's construction of the statute demands a very literal interpretation of it. It would have the statute mean that the widow could not bring the action if there was or ever had been an administrator for the estate of a resident decedent. The same literal reading of the statute would lead to the conclusion that if the decedent were a nonresident no one but the widow, or, in a proper case, the next of kin, could bring the action. Such a contention was made in *Cox, Adm'r, v. Kansas City*, 86 Kan. 298, 120 Pac. 553, and in disposing of it this court said:

"The defendant interprets the later section as meaning that where the deceased was a resident of this state, the action must be brought by the administrator, if one has been appointed, but where the deceased was a nonresident, it can only be brought by the widow or next of kin. We do not think this the proper interpretation of the statute. The original section authorized the personal representative of the deceased to sue. The later enactment did not purport to amend the earlier one, but to supplement it. 'Its purpose was to extend, not to restrict, the remedy.' (*Railway Co. v. Fajardo*, 74 Kan. 314, 322, 86 Pac. 301.) An action for the death of a nonresident may still be brought by the administrator, in virtue of the original statute; or it may be brought by the widow or next of kin, in virtue of the supplemental legislation." (p. 303.)

Notwithstanding it has been held, in an action brought by the widow or next of kin, the petition is demurrable where there is failure to allege that no administrator has been appointed in the case of a resident decedent, or that the decedent was a nonresident, as shown by decisions heretofore cited. In *Mott, Adm'x, v. Long*, 90 Kan. 110, 132 Pac. 998, where the action was brought by the widow and after two years an administrator was appointed and substituted as party plaintiff, it was held the action was not barred and could be maintained, and in *Williams v. Bridge & Iron Co.*, 111 Kan. 34, 206 Pac. 327, it was held:

"In an action for damages for wrongful death, brought for the benefit of a person lawfully entitled thereto, the substitution, by amendment, of a new party plaintiff who had a right to sue in that behalf, in lieu of a plaintiff who did not have such right, was properly allowed by the trial court; and such substitution did not change the cause of action; nor did the statute of limitations run against the substituted plaintiff during the pendency of the action as originally begun." (Syl.)

As has been noted, the purpose of the original act was to create

a cause of action. It may be observed that under the statute and under our decisions any recovery inures, not for the benefit of the estate, but to the widow and children and next of kin. It is apparent that when the legislature enacted R. S. 60-3204, it was not amending but was supplementing prior legislation to permit extension of remedy. Shall we now interpret that act so literally that if any administrator was ever appointed, the widow and next of kin may not maintain the action, even though the administrator is discharged long before the action would be barred? Shall we say that the clause "no personal representative is or has been appointed" means that there is not now and never has been a personal representative, or that it means that at the time of the filing of the petition and thereafter there is not and has not been one appointed and so. acting? With reference to statutes in derogation of common law, we are twice admonished: In R. S. 77-109:

"The rule of the common law, that statutes in derogation thereof shall be strictly construed, shall not be applicable to any general statute of this state, but all such statutes shall be liberally construed to promote their object."

In the code of civil procedure is a similar declaration applicable to the code and directing:

"Its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice." (R. S. 60-102.)

It being evident that the purpose of the statutes pertaining to death by wrongful act was to create a cause of action, we believe the last enactment, coupled with the first, should not be so construed as to hold that where an administrator is appointed to administer the estate of a resident deceased and does so and is discharged without prosecuting a cause of action for wrongful death for the exclusive benefit of the widow and children, if any, or next of kin, the widow may not, if the bar of the statute has not fallen, maintain such action.

As has been stated in reviewing the pleadings, petitions were filed in the probate court to set aside the order of final settlement and discharge of the administratrix, and for her reinstatement, which were granted by that court. Passing for the moment appellee's contention that appellant cannot appeal from these orders, we may observe that final settlement was made September 20, 1932, and not until April 18, 1935, was anything further done in the probate court, when the petitions were filed and the prayers thereof

granted. No effort was made to have an administrator *de bonis non* appointed (R. S. 22-730), the effort was to set aside a final settlement on the sole ground the estate was not fully administered because an action for wrongful death had not been brought. Cases heretofore cited hold that any recovery from such an action is not an asset of the estate and that the administrator acts only as a trustee for those benefited, hence any possible recovery could not be an unadministered asset. Copies of the petitions and orders were attached to plaintiff's reply and the trial court was, and this court is, fully advised as to the grounds on which the administratrix was reappointed. While under *Railway Co. v. Bennett,* 58 Kan. 499, 49 Pac. 606, it might be held that appellant is not a proper party to complain, it is material here to know whether the present action shall be prosecuted by the widow or the reappointed and reinstated administratrix. Without pursuing the matter further, we conclude that the probate court was without authority, either under the provisions of the statutes with reference to decedent's estates, or under R. S. 60-3007, relied on by appellees, to set aside the order of final settlement and discharge of the administratrix, and to reappoint and reinstate her.

The order of the probate court reappointing and reinstating the administratrix being erroneous, the order of the district court making her a party plaintiff was error. The cause of action should be prosecuted in the name of the widow for the benefit of herself and the children.

That part of the trial court's order making the administratrix a party plaintiff is reversed. Its order denying appellant's motion for judgment on the pleadings is affirmed.