No. 40,361

In re Estate of Albert Franklin Shultz, Deceased. (J. R. McCarty, Petitioner, and John D. Megaffin, Administrator with Will Attached, *Appellees*, v. Zadia J. Shultz, Executrix, *Appellant*.

(304 P. 2d 539)

Opinion filed December 8, 1956.

H. E. Jones, of Wichita, argued the cause, and A. W. Hershberger, J. B. Patterson, Richard Jones, Wm. P. Thompson, Jerome E. Jones, and William E. Palmer, all of Wichita, were with him on the briefs for the appellant.

Douglas Hudson, of Fort Scott, argued the cause, and Howard Hudson and Douglas G. Hudson, both of Fort Scott, and John H. Morse, of Mound City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the judgment and ruling of the trial court affirming the probate court's appointment of an administrator with will annexed of the estate of a nonresident decedent.

On December 3, 1955, J. R. McCarty filed a petition in the probate court of Pratt county asserting a claim against the estate of Albert Franklin Shultz by reason of personal injuries suffered by him resulting from an automobile accident proximately caused by the negligence of Shultz. The accident happened on November 16, 1955. Decedent, a resident of Wapakoneta, Ohio, died on November 30, 1955. His only known assets in Kansas were a 1949 Ford tudor sedan of the approximate value of $75 and such proceeds as may arise out of any collision insurance policy covering the automobile. A special administrator was appointed to conserve the assets of the estate.

It was later determined that on December 21, 1955, under the provisions of decedent's will Zadia J. Shultz was appointed executrix thereof by the probate court of Auglaize county, Ohio.

The petition asking for administration of decedent's estate in the probate court of Pratt county, Kansas, was later amended and petitioner asked for the appointment of an administrator with will annexed.

The executrix appeared specially and asked to have the petition dismissed because the Kansas probate court had no jurisdiction over the decedent's estate, which motion was subsequently overruled and the administrator with will annexed was appointed. An appeal was taken to the district court from the order of the probate court of Pratt county.

The petitioner, the administrator, and the executrix appeared at the hearing in the district court, at the conclusion of which the questions for decision were taken under advisement. Thereafter, the trial court entered its journal entry of decree finding, considering, ordering and adjudging: The allegations of the petition and amendment had been proved, were true and correct, and were allowed; that decedent's will dated December 16, 1922, was admitted to probate; that administration of decedent's estate was necessary in the probate court of Pratt county since there existed in that jurisdiction tangible personal property in the value of $75; the executrix, a resident of Ohio, was disqualified from serving as personal representative of decedent in Kansas; the appointment and qualification of John D. Megaffin, a resident of Pratt county, as administrator with will annexed was ratified and confirmed; and the transcript and judgment were ordered certified and returned to the probate court for further proceedings in accordance therewith.

This brief summary is sufficient to acquaint us with what has gone on before and brings us to the two questions raised on appeal. They are, first, did the trial court err in finding that decedent left an estate in Pratt county; and, second, did the trial court err in ruling that the Pratt county probate court had jurisdiction to appoint an administrator?

It is a conceded fact that decedent died in Pratt county leaving therein a Ford automobile of the value of $75 which was considered and held by the probate court, and on appeal by the district court, to be sufficient property whereby it was necessary to institute probate proceedings in Pratt county. In the case of *In re Estate of Brasfield*, 168 Kan. 376, 214 P. 2d 305, there is a most thorough treatment of our law on both questions raised in this appeal. In that case the assets consisted of $25 and the tort claimants who had petitioned for probate of the decedent's estate were Kansas residents. Keeping in mind the latter part of the preceding statement as to residence, if any dissimilarity is caused thereby, which we will later discuss, we adopt and make a part of this opinion as though the full context thereof were repeated herein what was said and held in the Brasfield case, and in particular what was said in the syllabus, as follows:

"The provisions of the Kansas probate code require the appointment of an administrator for the estate of an intestate resident decedent when petitioned for by creditors of the estate even though its known assets appear to be inconsequential and of little value." (¶ 2.)

"G. S. 1947 Supp. 59-2239, providing that no creditor shall have any claim or lien upon the property of a decedent, other than liens existing on the date of his death, unless an executor or administrator of his estate has been appointed within one year after the death of the decedent is clearly a statute of limitations and is to be given the same force and effect as limitation statutes appearing in the code of civil procedure." (¶ 5.)

"Under the provisions of the probate code the institution of a proceeding by creditors for the appointment of an administrator is required in order that claims may be filed against the estate of a decedent and is to be regarded as tantamount to the commencement of an action for that purpose." (¶ 6.)

In connection with the above see, also, 2 Bartlett's Kansas Probate Law and Practice, rev. ed., § 658, pp. 205, 206, and these earlier cases: *U. P. Rly. Co. v. Dunden,* 37 Kan. 1, 14 Pac. 501; *Cox, Adm'r, v. Kansas City,* 86 Kan. 298, 120 Pac. 553, *Metrakos v. Railway Co.,* 91 Kan. 342, 345, 346, 137 Pac. 953. The same principle was approved by this court in the above cited Metrakos case where there was a refusal to allow a foreign special administrator to maintain a wrongful death action in this state.

The supreme court of the United States has recognized that the rule of *mobilia sequuntur personam* whereby personal property of a deceased wherever located is subject to the law of his domicile, as is contended by the executrix, has yielded more and more to the modern rule of *lex situs* whereby such personal property is subject to the law of the state where the property is located. As a result, the state of the domicile has no power beyond its boundaries to control a decedent's personal property located in another state except where such state sees fit to make the excess over that necessary to pay debts and expenses subject to the domicile of the decedent. (*Overby v. Gordon,* 177 U. S. 214, 222, 44 L. ed. 741, 744, 745, 20 S. Ct. 603; *Baker v. Baker, Eccles & Company,* 242 U. S. 394, 400, 401, 61 L. ed. 386, 391, 37 S. Ct. 152; *Riley v. New York Trust Co.,* 315 U. S. 343, 349, 350, 86 L. ed. 885, 891, 62 S. Ct. 608; *Wilson v. Hartford Fire Ins. Co.,* 164 Fed. 817.) (See, also, G. S. 1949, 59-802.)

Other Kansas authority on assets and situs thereof is to be found in 5 West's Kansas Digest, Executors and Administrators, §§ 11, 12, and in 2 Hatcher's Kansas Digest, rev. ed., Executors & Administrators, §§ 3, 4.

The executrix in this case relies on *In re Estate of Summerfield,* 158 Kan. 380, 147 P. 2d 759, which involved a question of venue for administration of a resident decedent's estate. While that is not

the question now before us, we note the language used therein to the effect that jurisdiction is the power to hear and determine a matter while venue is determinative of the particular county in which a proceeding must be heard. (pp. 382-393.) See, also, *In re Estate of Rogers*, 164 Kan. 492, 190 P. 2d 857, which is treated in the Brasfield case, *supra*. There is no conflict between these two cases and the question before us here.

For all practical purposes the second question as to the necessity of appointing an administrator is settled by what has previously been said herein for the reason that the same type of creditor, or claimant, was involved in the Brasfield case as is here involved. The parties seeking administration of decedent's estate in both instances were tort creditors and were proper parties and it was necessary to administer the estates for their protection.

We find no error in the rulings of the trial court and the judgment is affirmed.

THIELE, J., concurs in the result.