No. 38,795

NOVA J. RILEY, *Appellee*, v. VIRGIL FALLON, *Appellant*.

No. 38,945

DON RILEY, Administrator of the Estate of William Leonard Riley, Deceased, *Appellant*, v. VIRGIL FALLON, *Appellee*.

(252 P. 2d 629)

Opinion filed January 24, 1953.

Keith L. Wallis, of Wichita, argued the cause, and W. A. Kahrs, Robert H. Nelson and Clarence N. Holeman, all of Wichita, were with him on the briefs for the appellant in No. 38,945.

George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, and Robert M. Siefkin, all of Wichita, were on the briefs for the appellant in No. 38,795 and for the appellee in No. 38,945.

Keith Eales, of Wichita, argued the cause, and L. M. Kagey and Max L. Hamilton, both of Wichita, were with him on the briefs for the appellee in No. 38,795 and the intervenor in No. 38,945.

The opinion of the court was delivered by

HARVEY, C. J.; The controversy presented here is which of two actions for damages for wrongful death may proceed to trial in the district court. The facts are not controverted and may be stated as follows: William L. Riley, a resident of Lampasas, Texas, while visiting in Wichita, Kansas, was killed on June 10, 1951, in a collision

of an automobile in which he was riding and an automobile driven by Virgil Fallon. On July 2, 1951, his widow, Nova J. Riley, whose residence is Lampasas, Texas, brought an action in the district court of Sedgwick County, Kansas, against Fallon for the alleged wrongful death of her husband. This was brought for the benefit of the heirs of William L. Riley, namely, his widow, Nova J. Riley; his daughter, Beulah Riley Mosher, and his son, Don Riley. The petition as filed did not allege that no administrator was or had been appointed for the estate of Wiliam L. Riley, but on August 2, 1951, the petition was amended to include an allegation to that effect. On September 11, 1951, Don Riley, the decedent's son, was appointed administrator of the estate of William L. Riley in the probate court of Sedgwick county. On February 2, 1952, Don Riley, son of decedent, a party for whose benefit the action was brought by the widow, brought an action as administrator of the estate of the decedent in the district court of Sedgwick county seeking damages for the wrongful death of William L. Riley and for the benefit of his next of kin, being his widow, the daughter, Beulah Riley Mosher, and the son, Don Riley. In each of these actions Virgil Fallon was a defendant. Subsequent pleadings filed by the parties in the cases presented the issue as to which case should proceed to trial. There was a pre-trial conference, at which the facts were presented to the court, and the court, after hearing the evidence and the agreements of the parties, made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT

"1. That the cause of action of Nova J. Riley v. Virgil Fallon, No. A-36,874, was filed in the office of the Clerk of the District Court of Sedgwick County, Kansas, on the second day of July, 1951, at 10:57 o'clock a. m.

"2. That the cause of action of *Don Riley, Administrator of the Estate of William Leonard Riley, deceased v. Virgil Fallon,* No. A-39,285, was filed in the office of the Clerk of the District Court of Sedgwick County, Kansas, on the second day of February, 1952, at 10:29 a. m.

"3. That both causes of action are brought to recover for the alleged wrongful death of William Leonard Riley, deceased, and for the benefit of the same persons.

"4. That William L. Riley named in said case No. A-36,874 and William Leonard Riley named in case No. A-39,285 is one and the same person.

"5. That at the time the cause of action was commenced in the case of *Nova J. Riley v. Virgil Fallon,* No. A-36,874, no personal representative had been appointed for the estate of William Leonard Riley, deceased.

"6. That Don Riley was duly appointed Administrator of the estate of William Leonard Riley on the 11th day of September, 1951, and was duly qualified as such on the 25th day of September, 1951.

### "CONCLUSIONS OF LAW

"1. That while the names of the parties plaintiff in said actions are different, they are in substance and in law the same; that the parties for all legal purposes are identical and that the causes of action are identical. That the case of *Nova J. Riley v. Virgil Fallon*, No. A-36,874, was lawfully commenced.

"2. That the plaintiff in the case of *Nova J. Riley v. Virgil Fallon*, No. A-36,874, should be permitted to maintain the action or the Administrator should be substituted in case No. A-36,874 for the original plaintiff.

"3. That the two causes of action cannot be maintained against the same defendant to recover for the same alleged wrongful death by different plaintiffs in name only for the benefit of the same persons.

"That it is by the Court Considered, Ordered and Adjudged that the cause of action in the case of *Don Riley, Administrator of the Estate of William Leonard Riley, deceased v. Virgil Fallon*, No. A-39,285, should be and is hereby dismissed without prejudice at the cost of the plaintiff.

"It is By The Court So Ordered."

From the judgment rendered in harmony with the court's findings of fact and conclusions of law Virgil Fallon, defendant in the case brought by the widow, has appealed, and in the other case the administrator has appealed from the judgment of the court dismissing his action. In this court the two appeals were consolidated. The portions of our statute (G. S. 1949) necessary to be considered are as follows:

"Section 60-3203. When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter or his personal representative if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years. In any such action, the court or jury may award such damages as may seem fair and just under all the facts and circumstances, but the damages cannot exceed fifteen thousand dollars and must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. . . .

"Section 60-3204. That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

We have no occasion to write a thesis on our wrongful death statute further than to say it is not a common-law action for damages. Relief for wrongful death originated with an act of the British Parliament (9 & 10 Victoriae, Chapter 93, effective August

26, 1846, commonly known as Lord Campbell's Act. See *Goodyear, Administratrix, v. Railway Co.,* 114 Kan. 557, 572, 220 Pac. 282, where it is set out in full). It was soon adopted in most of our states and in Kansas, first by our territorial legislature (Chap. 1, Laws 1859; see G. L. 1862, Chap. 3). As amended from time to time by our legislature it now appears as G. S. 1949, 60-3203, a part of which is quoted above. It is designed to be for the "benefit of the surviving spouse and children, if any, or next of kin" of the deceased. As originally enacted in this state the only person who could bring the action was the personal representative of the deceased. In this state by 1889 experience had developed that in certain cases someone else should be authorized to maintain the action. To remedy this situation our legislature enacted Chapter 131, Laws of 1889, which, as amended, is now G. S. 1949, 60-3204, quoted above. It will be observed this statute authorized the action to be brought in one or the other of two situations. The first is when the residence of the party whose death was caused by the wrongful act or omission of another was at the time of his death in any other state or territory than Kansas. This is the situation which existed in these cases. The decedent, William L. Riley, was a resident of Lampasas, Texas, at the time of his death in Kansas. It was perfectly proper for his widow to bring an action in Kansas for the wrongful death of her husband. That is what she did. It follows the trial court was correct in its conclusion of law that the case of Nova J. Riley v. Virgil Fallon was lawfully commenced, and was also correct in dismissing the action brought by the administrator. This is about all there is to this case.

Capable and diligent counsel have cited and commented upon a number of our earlier decisions and other authorities, but concede that none of them is directly in point. We have examined all authorities cited and others, but find no necessity to discuss them at length and distinguish them.

The judgment of the trial court is affirmed.