George D. KENT, Administrator of the Estate of Herman Goldberg, Deceased, Plaintiff,

v.

THE KANSAS POWER AND LIGHT COMPANY, A Corporation, and The Kansas Free Fair Association, A Corporation, Defendants.

No. 6593.

United States District Court
D. Kansas.

Sept. 8, 1954.

Raymond Briman, Charles Rooney, Maurice D. Freidberg, Topeka, Kan., David Pacernick (of Stutz, Buxhaw, Dinu & Rollins), Detroit, Mich., for plaintiff.

Clayton E. Kline, Robert E. Russell (of Doran, Kline, Cosgrove, Jeffrey & Russell), Topeka, Kan., for defendant The Kansas Power & Light Co.

Ralph W. Oman (of McClure, Webb & Oman), Clayton M. Davis, Topeka, Kan., for defendant The Kansas Free Fair Association.

MELLOTT, Chief Judge.

Consideration has now been given to the motions for summary judgment and dismissal of the action filed by the defendants and to the briefs in support of and in opposition thereto. While it is doubtful that any extended discussion by this court of the questions posed can serve a very useful purpose, inasmuch as the genesis of the motions is said to be an opinion by the undersigned in Jones v. Goodman, D.C., 114 F.Supp. 110, the filing of a short opinion seems to be justified.

The present action was instituted in the name of an administrator appointed in Michigan, to recover damages of $15,-000 under the Kansas Death by Wrongful Act statute, G.S.Kan.1949, 60–3203 and 60–3204. It is alleged in the complaint that the death of the deceased was caused by the wrongful act or omission of the defendants; that his widow and two minor children, one posthumous, are his sole and only heirs at law; and that the action is brought for their benefit. This court has jurisdiction under Title 28 U.S.C.A. § 1332.

Movants contend that the statutes of Michigan, like the statutes of Iowa, considered by the court in the Jones case, are so dissimilar to those of Kansas that the present action, instituted by a Michigan administrator, should be dismissed. The "fundamental difference," stressed upon brief, is that the Michigan statute "is a combination death and survival act." It is also urged that because of a difference in the personal property laws of the two states, which, it is suggested, may have some impingement upon a division between the surviving spouse and children of the decedent of any amount recovered, the administrator should not be permitted to continue the suit.

The question of the power of an administrator, appointed in another state, to sue in Kansas is not always an easy one, especially when it arises in an action instituted to recover under a Death by Wrongful Act statute. It is hoped nothing said in the Jones case, or here, however, will tend to increase the difficulty.

■ Paraphrasing the language recently used by Mr. Chief Justice Harvey of the Supreme Court of Kansas in Riley v. Fallon, 173 Kan. 816, 252 P.2d 629, 631, this court has "no occasion to write a thesis" on the Wrongful Death Statute of Kansas nor should it attempt to lay down any hard and fast "Rule of Thumb" to be applied in all cases. The present action, it is clear, could—and even probably should—have been instituted by the widow for the benefit of herself and minor children. But the fact that her lawyers have seen fit to institute it in the name of an administrator "for their benefit" does not, it is believed, require this court to dismiss it. Such, it seems, was the essence of the view expressed by Mr. Justice Brewer in the early case of Kansas Pacific Ry. Co. v. Cutter, 16 Kan. 568, which has never been overruled. It was also so held in Cox v. Kansas City, 86 Kan. 298, 120 P. 553.

Whether counsel for the plaintiff are correct in their assertion, upon brief, that "the distinction drawn in the Limekiller case (Limekiller v. Hannibal & St. J. R. Co., 33 Kan. 83) put only one limitation upon" the decision in the Cutter case need not be decided. It is, of course,

proper to inquire if the administrator could institute, in the courts of the state where appointed, an action for wrongful death; and an assumption that the laws of the two states are similar, both in respect to creating the cause of action and in giving the administrator the right to enforce it, should not be indulged. Perry v. St. Joseph & W. R. Co., 29 Kan. 420. The Michigan act is "a typical 'Lord Campbell's Act' ", In re Olney's Estate, 309 Mich. 65, 14 N.W.2d 574, 577; Ford v. Maney's Estate, 251 Mich. 461, 232 N.W. 393, 70 A.L.R. 1315; and under it the amount recovered for "pecuniary injury resulting from such death" is to be "distributed to the surviving spouse and next of kin who suffered such pecuniary injury * * *." While the quoted language is not identical to that of the Kansas act, the result is the same. The amount will, in the language of the Kansas act, "inure to the exclusive benefit of the surviving spouse and children * * *."

Nor is the fact that the Michigan act, unlike the Kansas act, also recognizes the right of survivors to "reasonable compensation for the pain and suffering, while conscious, undergone by [the] deceased person during the period intervening between the time of the inflicting of such injuries and his death", Comp. Laws Supp.Mich.1940, § 14062 an insuperable obstacle. The short answer, or so it seems to this court, is that no effort to recover such damages is made in the instant case. See discussion of a somewhat similar situation by the Court of Appeals of New York in Wiener v. Specific Pharmaceuticals, 298 N.Y. 346, 83 N.E.2d 673. The limitation by the pleader is not unimportant. Thus in Rochester v. Wells Fargo & Co. Express, 87 Kan. 164, 123 P. 729, 40 L.R.A., N.S., 1095, the Supreme Court of Kansas, as pointed out in La Prelle v. Cessna Aircraft Co., D.C., 85 F.Supp. 182, 185, took the view that the pleader, having waived exemplary damages recoverable under the Missouri act, had thereby placed himself [87 Kan. 164, 123 P. 733] "in the same attitude in which a party would

come if the statute authorized compensatory damages only, [and] we see no reason why he may not, with as much justice and consistency, maintain his action as if the statute made no provision for other than actual damages."

A case upon which learned counsel for movants place substantial reliance is McCarthy v. Chicago, R. I. & P. Railroad Co., 18 Kan. 46, loc. cit. 50 and 51, and especially the language therein quoted from an Ohio case. It should be read in the light of its facts. There a Kansas administrator had sued, in Kansas, to recover under the Wrongful Death Act of Missouri, V.A.M.S. § 537.070 et seq., the injuries resulting in death having occurred in that state. The reasoning of the quoted language was held to be sound, since the Kansas court could not "presume that the laws of Missouri give an administrator of Kansas power to collect moneys under its laws, to administer trusts imposed by its authority, and to distribute funds among the proper parties to whom the same belongs by the statutes of that state." The facts would be more nearly similar to those in the case at bar if this suit had been instituted by the administrator in Michigan.

Both the Michigan act and the Kansas act authorize a suit for wrongful death to be instituted by the personal representative of the deceased. Recognizing that a foreign representative of a foreign decedent may, under some circumstances, be permitted to sue in the state where the wrongful act which caused the death occurred, counsel for movants strenuously urge, upon brief, that such may be done only where "the statutes of the two states are alike, or at least similar, to the point that there is no difference between them as to the amount to be received by the ultimate beneficiaries and the proportions which such beneficiaries shall receive." In this connection it is pointed out that the amount recovered by a personal representative in Michigan, under its Death by Wrongful Act statute, could, where the deceased is survived by a spouse and two minor children as here, be distributed one-third to

each, while under the law of Kansas the distribution must be one-half to the surviving spouse and one-fourth to each child. Some troublesome problems are suggested: It is said this court "will not be able to control the distribution and payment of any fund recovered here once the recovery is permitted, and because of a lack of jurisdiction over the plaintiff in his representative capacity, will not be able to enforce a distribution of such fund under the laws of Kansas."

 The argument would have more substance if the administrator were carrying on the present litigation to recover for the general benefit of the estate being administered by him, as was true in the Jones case. But he, for the purpose of this case, is, and of necessity must be, a mere "statutory agent to collect and disburse the damages. He does not act for himself, or for the estate of the deceased, but for the benefit of the distributees." White v. Atchison, T. & S. F. Ry. Co., 125 Kan. 537, 539, 265 P. 73, 74, 59 A.L.R. 749. Cf. Jeffries v. Farmers' Union Co-op. Mercantile & Elevator Co., 103 Kan. 786, 176 P. 631; Cudney v. United Power & Light Corp., 142 Kan. 613, 51 P.2d 28, 101 A. L.R. 635. His counsel recognize this, stating in the complaint that he is suing for the benefit of the widow and children of the deceased. In other words, that he is a trustee for them. The distribution of the amount recovered "depends upon the law of the state which, by its wrongful death statute, creates the cause of action." Restatement, Conflict of Laws, § 393c. In the event damages are awarded, this court will not be impotent to see to it that they are distributed strictly in accordance with the Kansas act. If the present trustee cannot carry out his trust —which this court is reluctant to believe—the trust, nevertheless, should not fail.

The court is of the opinion and now holds that the motions should be denied. The clerk will note upon his civil docket, as provided in Rule 79(a) F.R.

C.P., 28 U.S.C.A., and this court's Rules of Practice, an order denying the motions for summary judgment and dismissal of the action.