No. 39,960

Nova J. Riley, *Appellant*, v. Virgil W. Fallon, *Appellee*.

No. 40,006

In the Matter of the Estate of Virgil W. Fallon, Deceased.

(294 P. 2d 253)

Opinion filed February 29, 1956.

Opinion filed February 29, 1956.

*Keith Eales,* of Wichita, argued the cause, and *Lloyd M. Kagey, Max L. Hamilton, Daniel D. Dwyer, William A. Kahrs, Robert H. Nelson,* and *Clarence N. Holeman,* all of Wichita, were with him on the briefs for the appellant.

*Robert C. Foulston,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Malcolm Miller, Robert N. Partridge,* and *Robert M. Siefkin,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: The two appeals here disposed of grow out of an action originally commenced in the district court and a proceeding originally commenced in the probate court, the purpose of each being to recover damages for the alleged wrongful death of William L. Riley.

Without recital of all details it may be said the appeals arise from the following.

On June 10, 1951, there was a collision of an automobile in which William L. Riley was riding with another automobile driven by

Virgil W. Fallon. Riley was killed, and on July 2, 1951, his widow, Nova J. Riley, commenced an action against Fallon in the district court of Sedgwick county to recover for his alleged wrongful death. On September 11, 1951, Don Riley was appointed administrator of the estate of William L. Riley, later qualified, and on February 2, 1952, commenced an action in the district court against Virgil W. Fallon. An attack was made against maintenance of the latter action which the trial court sustained and the action was dismissed. On appeal the judgment of the trial court was affirmed, it being held the widow could maintain the action. (See *Riley v. Fallon,* 173 Kan. 816, 252 P. 2d 629.) In the meantime Virgil W. Fallon had answered in the first suit. On December 1, 1953, and before the action was tried, Virgil W. Fallon died and on January 19, 1954, Hazel K. Fallon was appointed as administratrix of his estate by the probate court of Sedgwick county. On January 27, 1954, Nova J. Riley filed her claim in the probate court against the estate of Virgil W. Fallon and requested transfer of the hearing thereof to the district court for consolidation with the original action and on January 28, 1954, C. H. Pugh, attorney for the Fallon estate acknowledged service of the Riley claim and consented that the claim be transferred to the district court and consolidated with the original action. On the same day, January 28, 1954, Nova J. Riley filed in the district court a motion in which she alleged the death of Virgil W. Fallon and the appointment of an administrator of his estate, and that her cause of action survived the death of Fallon and she prayed for an order of revivor, and at the same time filed a document signed by Hazel K. Fallon by C. H. Pugh, her attorney, acknowledging service of the motion to revive, that the action survived and consenting to such revivor, and on the last day the district court entered an order of revivor and an order of consolidation.

The contentions raised on the appeals arise from proceedings in the district court subsequent to the above. The abstracts filed contain some of the pleadings filed, and some, but apparently not all, of the orders made, as well as a great deal of colloquy between counsel and between court and counsel as well as evidence received at hearings had. Detailed reference is neither necessary nor advisable.

On February 15, 1954, counsel who had represented Virgil W. Fallon in his lifetime, and his insurance carrier, in the action brought

by Nova J. Riley in the district court, filed a motion to strike the action from the trial docket for the reason there had been no revivor of the action. An extended hearing was held in which it was developed by evidence that, under circumstances which will not be detailed, Pugh, who was attorney for the Fallon estate in the probate court but was not an attorney of record in the district court, had signed the consent to a revivor under the belief he was acknowledging only service of the motion and not a consent thereto; that he was not authorized to consent to any revivor and he moved the court to strike from the files all pleadings, papers and orders signed or approved by him, as well as the order of consolidation. Colloquy between counsel as to considering the motion to revive as being filed on February 18, 1954, and served on attorneys of record for Fallon need not be detailed. The result of the hearing was an order made February 18, 1954, that the order of consolidation of the original district court action and the transferred claim from the probate court was cancelled and revoked; that the order of revivor of the original action was revoked and held for naught; that the pleadings, orders and other matters approved by Pugh having to do with consolidation or revivor were stricken and the motion to revive was considered filed and served as of February 18, 1954. Although there is some controversy as to who prepared it, there can be no doubt that suggested forms of a journal entry were considered by counsel on each side resulting in a form of journal entry to which all counsel agreed and setting forth the orders above indicated.

The order for consolidation having been set aside, the original action in the district court and the claim transferred from the probate court were separately considered.

First, we shall note later proceedings in the original action. On February 17, 1955, or one day less than a year after the former order of revivor was set aside on February 18, 1954, and a little over thirteen months after the administratrix of the estate of Virgil W. Fallon was appointed and qualified on January 19, 1954, plaintiff obtained a hearing on her motion to revive the action against the administratrix. This motion was denied. On March 24, 1955, the administratrix filed her motion that the action be dismissed because it had not been revived within the time required by law and was not subject to revivor over her objection. The court heard the motion and on April 11, 1955, sustained it and dismissed the action.

In due time the plaintiff perfected her appeal to this court which bears No. 39,960.

Secondly, we shall note later proceedings in respect to the claim certified to the district court from the probate court necessary here. On May 5, 1954, the administratrix filed her answer to the claim and on May 11, 1954, the claimant filed a reply thereto. On February 2, 1955, a lengthy pretrial conference was had, details of which need not be set forth, and on February 7, 1955, the administratrix filed her motion for judgment in her favor on the admissions and evidence adduced at the pretrial conference. The motion was heard by the court on March 10, 1955, and taken under advisement by the court. In a letter dated May 10, 1955, and addressed to counsel the court stated among other things that the claim was filed in the probate court more than two years after the cause of action on which it was based arose, that the administrator could not waive the statute of limitations, that the claim was barred by the statute of limitations and the court should disallow the same (citing *Hammond v. Estate of Hammond*, infra), that the claim was not filed in time and the motion for judgment should be sustained. A journal entry in accordance was filed. In due time the claimant perfected her appeal to this court which bears No. 40,006.

The two appeals were consolidated for hearing in this court, as both the original action in the district court and the claim filed in the probate court and transferred to the district court for hearing, were for the purpose of determining liability of Virgil W. Fallon, or after his death, of his estate, for the alleged wrongful death. In that respect they have a common basis but as two appeals are involved, raising distinct questions, they will be separately considered and determined.

We shall first determine the appeal in No. 39,960.

Appellant's specifications are that the trial court erred in: 1. Revoking the order of consolidation made January 28, 1954; 2. Revoking the order of revivor made January 28, 1954; 3. Striking from the files all pleadings and orders approved by Pugh, attorney for the estate of Fallon; 4. Overruling appellant's motion to revive against Fallon's administrator; and 5. Sustaining appellee's motion to dismiss the action.

The first three specifications of error may be considered together. We have read and examined carefully the record as abstracted showing the lengthy hearing which resulted in the making of the

orders complained of, but we are not disposed to say more than has been previously stated. We are satisfied that the trial court had a sufficiency of evidence before it on February 18, 1954, to hold that the order of consolidation of the action in the district court with the claim transferred from the probate court, and the order of revivor, both made on January 28, 1954, were improvidently made and should be set aside, and that its further order striking pleadings approved by Pugh did not, under the circumstances, constitute any error. In fact, there is reason to say from the record that appellant agreed to such orders being made, on appellee's agreement that the appellant's notice to revive should be considered as served and filed on February 18, 1954.

The fourth specification of error is that the trial court erred on February 17, 1955, in overruling appellant's motion to revive against the administratrix of the Fallon estate. The facts may be repeated. Fallon died on December 1, 1953, and his administratrix was appointed January 19, 1954. Notice of motion to revive was served, as shown in preceding paragraph, on February 18, 1954, but the record does not disclose that anything further was done to procure a revivor until February 17, 1955.

The answer to the appellant's contention is found in the provisions of the code of civil procedure. The action for wrongful death was created by what is now G. S. 1949, 60-3203, and was properly brought by the widow as provided by 60-3204 against Fallon, who was then alive. When Fallon died the action survived under 60-3201 and could have been revived against his personal representative, the administratrix, under 60-3213. The code further provides by 60-3209 that the order of revivor may be had on the motion of the adverse party, here the appellant, and under 60-3210 if not made by consent, that notice of the application shall be served as provided therein. Here the service of notice was waived, but no consent to revivor was given, and nothing further occurred from the date of the appointment of the administratrix on January 19, 1954, or from the date service of notice was considered as served on February 18, 1954, until February 17, 1955, or more than one year after the appointment of the administratrix. In such case 60-3214 applies. It reads:

"*An order to revive an action* against the representative or successor of defendant *shall not be made* without the consent of such representatives or successor, *unless in one year from the time it could have been first made.*" (Emphasis supplied.)

The attempted revivor came too late and the trial court properly denied the motion to revive.

Appellant's fifth specification that the trial court erred in dismissing the action needs but short notice. The failure to revive in time resulted in a situation where a revivor could not be had and the cause of action further prosecuted. The trial court did not err in dismissing it.

In appeal No. 40,006 the sole specification of error is that the trial court erred in sustaining the appellee's motion for judgment. Appellant's argument on this specification is intermingled with her argument the trial court erred in refusing to revive the district court action. Although repetitious, the fact is that Nova J. Riley in due time commenced an action in the district court against Virgil W. Fallon who died before it was tried. On the same day she commenced a proceeding to have that action revived, and at a time over two years after the alleged wrongful death, she filed a claim in the probate court to recover for the same loss. In so doing she ignored the provisions of G. S. 1951 Supp., 59-2238, which reads:

"(1) Any action pending against any person at the time of his death, which by law survives against the executor or administrator, shall be considered a demand legally exhibited against such estate from the time such action shall be revived. Such action shall be revived in the court in which it was pending and such court shall retain jurisdiction to try and determine said action. (2) Any action commenced against any executor or administrator after the death of the decedent shall be considered a demand legally exhibited against such estate from the time of serving the original process on such executor or administrator. (3) The judgment creditor shall file a certified copy of the judgment obtained in an action such as described in subsection (1) or (2) of this section in the proper probate court within thirty days after said judgment becomes final."

Under the above statute, the action pending in the district court against Fallon would be considered a demand legally exhibited against his estate from the time that action was revived, and the district court retained jurisdiction to try and determine the action. No revivor was had and consequently the pendency of that action did not amount to a legally exhibited demand against the estate of Fallon. Assuming, without deciding that she was at liberty to abandon the action in the district court by dismissal, by failure to prosecute or by failure to obtain a revivor, and that by so doing she was free to file a demand in the probate court, that demand was not made until January 27, 1954, or over two years and

seven months after a cause of action for wrongful death accrued. The period of limitation for commencement of such an action is two years (G. S. 1949, 60-3203) and the claim was barred. Appellant makes some complaint that the defense of the statute of limitations was not raised by answer or by any written defense and was not interposed until after the issues had been made up, at which time she was barred from reviving the district court action. It makes no difference that the statute of limitations was not raised by the answer or written defenses of the administratrix. She was without power to waive the bar of the statute, and when it developed that the claim was barred, it was the duty of the court to disallow it. (See *Hammond v. Estate of Hammond,* 150 Kan. 113, 91 P. 2d 19, and cases cited; and *Lane v. Estate of Wells,* 150 Kan. 261, 92 P. 2d 9; *In re Estate of Badger,* 156 Kan. 734, 137 P. 2d 198; *In re Estate of Hill,* 162 Kan. 385, syl. 7, 176 P. 2d 515, and cases cited therein.)

We are not impressed by appellant's argument that appellee's resistance of the motion to revive the district court action alters the situation with respect to the claim filed in the probate court. In order to have the claim considered as one legally exhibited in the probate court by reason of the pendency of the action in the district court, revivor of that action was necessary, and the burden of getting that done was on the claimant and no one else.

The trial court did not err in sustaining the motion of the administratrix for judgment.

The judgments appealed from are affirmed.

HARVEY, C. J., not participating.

ROBB, J., not participating.